KATHLEEN LONG *v.* REVIEW BOARD OF THE INDIANA
EMPLOYMENT SECURITY DIVISION.

[No. 971A176. Filed December 29, 1971.]

*Stephen M. Coons, Bradford & Coons,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Darrel K. Diamond,* Deputy Attorney General, for appellees.

WHITE, J.—The question before the Employment Security Division was whether Kathleen Long, claimant-appellant, left her employment with Olin Corporation (hereafter Olin) for "good cause." If so she was eligible for benefits under the Indiana Employment Security Act, if not she was ineligible. The question before us is whether the Review Board's determination that she failed to sustain her burden of proving that she had good cause is contrary to law.

To understand what claimant considers is "cause" the history of claimant's employment with Olin is helpful. Until

her resignation on May 4, 1970, she was employed as an inspector at an ammunitions plant operated by Olin at Charlestown, in Clark County. The claimant (by her own account) was known as a "strict inspector" because she rejected all the production which did not comply with the company's specifications. Other inspectors do not reject certain "minor" faults. Claimant's rejections were apparently never questioned by management up until May, 1969. On that date, for some unstated reason, claimant was required to undergo a medical examination for syphilis and barbiturates, the result of which was negative. Claimant brought a civil action against the company for being required to submit to the medical examination. After this incident claimant's rejections were frequently questioned by the employer's line foremen, who were characterized by one of employee's supervisors as "people . . . oriented to getting their production out." Claimant however was always backed up by her supervisor, the head of the quality control department. Claimant testified that nevertheless the confrontations with the foremen continued and increased in intensity. On at least one occasion, claimant was called an S.O.B. by a foreman. While foremen had confrontations with other inspectors, they were much less frequent and less intense. Claimant testified she became less and less physically and emotionally able to put up with these confrontations and as a result took a medical leave of absence around January 1970 and another on orders from her doctor in March, 1970. At the conclusion of her second medical leave claimant tendered her resignation.

Claimant subsequently applied for unemployment compensation which was denied by the claims deputy. Claimant timely requested a hearing before a referee which was granted. Evidence was heard and the referee concluded:

"Claimant was pressured to the point where she was forced to quit because of her nerves in her attempt to hold down a rigid and thorough standard of inspection for munitions on the production line. It is felt that her quitting was attributable to employer . . . ."

"Claimant, if otherwise eligible, is entitled to [unemployment] benefits . . . ."

The employer appealed to the Review Board of the Employment Security Division. Without hearing additional evidence, the Review Board reversed the decision of the referee on the basis of the following:

"FINDINGS AND CONCLUSIONS: The Review Board finds that claimant last worked for this employer on or about March 27, 1970, and was on medical leave from March 30, 1970, to April 30, 1970.

"It further finds that claimant was released by her doctor and cleared by the plant doctor to return to work on May 4, 1970.

"It further finds that claimant failed to report for work on May 4, 1970, and mailed the employer a letter of resignation dated May 4, 1970.

"It further finds no evidence to show that claimant requested additional leave after April 30, 1970, or that she had medical advice to quit her job.

"It further finds that claimant's contention that working conditions adversely affected her health is not substantiated in the record by a medical statement of verification.

"It further finds that claimant's job was not in jeopardy since she could have returned to work on May 4, 1970, and voluntarily failed to do so.

"The Review Board concludes that claimant may have had good personal reasons for voluntarily leaving her work, but she has failed to meet her burden to show that such cause for her separation was attributable to the employer.

"DECISION: The referee's decision dated November 30, 1970, is hereby reversed this 15th day of July, 1971. No benefits are payable on wage credits earned with this single base period employer prior to May 4, 1970."

Appellant contends that the Review Board ignored competent evidence to reach its conclusion that she left her employment voluntarily and without good cause. Specifically she contends that "[i]t is readily apparent that the Review Board ignored the testimony of Claimant and two witnesses" and "relied totally on the Claimant's letter of resignation."

Claimant relies on the case of *Nordhoff* v. *Review Board of Indiana Employment Security Division* (1959), 129 Ind. App. 378, 156 N. E. 2d 787. In that case the Board had concluded "that the question before it is to determine whether or not the reason or reasons given by the claimant at the time of her quitting constitute good cause." In thus confining its inquiry to the causes stated at the time of quitting the board ignored other evidence given at the hearing. We remanded with instructions to the Board to "enter its conclusions and decision based upon a consideration of all the evidence in the cause." We acknowledged that "this court cannot disturb the decision of the board unless reasonable men would have been bound to reach a different conclusion *on the evidence.*" We remanded only because we did not know what conclusion the board would have reached had it considered all the evidence.

Here we have nothing but appellant's unsupported assertion to indicate that the board ignored any evidence. Assuming, *arguendo,* that reasonable men might have reached a different conclusion on consideration of all the evidence in this case, we have been shown no reason why they would be *bound* to reach it. Appellant's authority, *Nordhoff, supra,* tells us that therefore we cannot disturb the decision of the board.

Decision affirmed.

Hoffman, C. J., Staton and Sharp, JJ., concur.

NOTE.—Reported in 276 N. E. 2d 881.