HATTIE M. BROOKS *v.* REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION, WILLIAM H. SKINNER, BETTY S. BARTEAU, AND JAMES M. ORGAN, AS MEMBERS OF AND CONSTITUTING THE REVIEW BOARD AND GARY CONVALESCENT HOME, INC.

[No. 572A246. Filed December 12, 1972.]

---

1. Ind. Ann. Stat. § 10-701 (Burns 1956 Repl.), IC 1971, 35-13-4-4. Emphasis ours.

Legal Aid Society of Gary, Inc. by *William H. Von Willer*, of Gary, for appellant.

*Theodore L. Sendak*, Attorney General, *Stephen J. Cuthbert*, Deputy Attorney General, for appellee.

WHITE, J.—The question before the Employment Security Division in this case, as in *Long* v. *Review Board* (1971), 150 Ind. App. 516, 276 N.E.2d 881, 28 Ind. Dec. 511, was whether claimant-appellant left her employment for "good cause". As in *Long*, the referee found good cause and the Review Board reversed. In both cases appellant relies on *Nordhoff* v. *Review Board* (1959), 129 Ind. App. 378, 156 N.E.2d 787, in contending that the Board ignored competent evidence. What we said in *Long* (276 N.E.2d at 882, 28 Ind. Dec. at 514) in distinguishing *Nordhoff* and demonstrating that competent evidence had not been ignored

but had been weighed and found unconvincing is equally applicable to the case at bar. We adopt it as the statement of our reason for rejecting the same argument here.

Appellant here, however, adds a new contention. She argues that since the Board heard no additional evidence and made its decision on the testimony heard only by the referee "the same logic which prevents the Supreme and Appellate Courts from weighing the credibility of witnesses should prevent the Review Board from weighing the witnesses' credibility." No authority is cited. The Board's only response is that it did what "it is required to do by statute". Neither the statute nor any other authority is cited. Our independent research has lead us to the case of Ogilvie v. Review Board (1962), 133 Ind. App. 664, 184 N.E.2d 817, which contains a lengthy, well documented, and well reasoned discussion of the "novel theory" that "the same rule of judicial appellate practice applies to the appeal from the Claims Deputy to the Referee and the Referee to the Review Board because the Referee and the Review Board are 'appellate tribunals' ". (Id. at 672, 184 N.E.2d at 821.) The theory was rejected there and we reject it here for the reasons there stated.

The decision of the Review Board is affirmed.

Buchanan, P.J., and Sullivan, J., concur.

NOTE.—Reported at 290 N.E.2d 137.