Opinion by
Judge Blatt,
Under Section 402(e) of the Unemployment Compensation Law[1], 43 P.S. §802(e), an employee is ineligible for compensation where his unemployment is due to his discharge from work for willful misconduct connected with his work. In this action, after a hearing at which James Sturniolo (claimant) was unrepresented by counsel, benefits were denied by the referee, who made five numbered findings of fact concluding that the claimant was ineligible because of such misconduct. The Unemployment Compensation Board of Review affirmed without opinion and the claimant now appeals to this Court.
In reviewing an unemployment compensation case, this Court is confined to questions of law and to a determination as to whether or not the findings of the compensation authorities are supported by substantial evidence. Warminster Fiberglass Co. v. Unemployment Compensation Board of Review, 15 Pa. Commonwealth Ct. 385, 327 A.2d 219 (1974). The question as to whether or not an employee’s actions constitute willful misconduct is, of course, one of law and subject to our review. Food Fair Stores, Inc. v. Unemployment Compensation Board *479 of Review, 11 Pa. Commonwealth Ct. 535, 314 A.2d 528 (1974).
In this case the referee made the following findings:
“1. The claimant was last employed by Serv-AStore, Inc., for nine (9) months as a driver-salesman at $150 a week plus commission; his last day of work was September 21, 1973.
. “2. .The claimant, on his last day of work was ordered by his supervisor to attend a meeting that evening at six o’clock for all driver-salesmen; the claimant replied he saw no reason why he should attend as he didn’t think anything new would be brought out.
“3. The claimant was informed that if he did not attend the planned meeting he may be discharged ; the claimant did not attend the meeting.
“4. The employer called the claimant on Monday, September 24, 1973, and told him he could continue his employment if he agreed to follow all future instructions given to driver-salesmen.
“5. The claimant replied to the employer that he did not see any reason why he should return to work if it were to be under the stated conditions; as a result the claimant was discharged.”
The referee then proceeded to disqualify the claimant from receiving benefits for “refusing to comply with a direct order of his employer.”
The burden of proving willful misconduct in these cases is upon the employer, MacFarlane v. Unemployment Compensation Board of Review, 12 Pa. Commonwealth Ct. 550, 317 A.2d 324 (1974), and we have held that proof of a deliberate violation of an employer’s instructions can constitute willful misconduct. DiAmico v. Unemployment Compensation Board of Review, 10 Pa. Commonwealth Ct. 286, 310 A.2d 443 (1973). Although the referee concluded here that the claimant refused to comply with the employer’s instructions, he unfortunately failed *480 to make clear in his decision whether the claimant was discharged for refusing to obey the order to attend the September 21, 1973 meeting or for his disgruntled response when told to obey future instructions on September 24, 1973.
The claimant asserted that he failed to attend the meeting because of an illness of which the employer was informed. If this was true, his failure to attend the meeting could not constitute willful misconduct. See Tritex Sportswear, Inc. v. Unemployment Compensation Board of Review, 12 Pa. Commonwealth Ct. 335, 315 A.2d 322 (1974); Peluso v. Unemployment Compensation Board of Review, 12 Pa. Commonwealth Ct. 250, 315 A.2d 340 (1974). The referee, and the Board on appeal, however, failed to make a finding as to the claimant’s alleged justification for missing the meeting.
On the other hand, willful misconduct can be established where an employee manifests an intent to disobey the reasonable instructions of his employer, see Druzak v. Unemployment Compensation Board of Review, 12 Pa. Commonwealth Ct. 481, 315 A.2d 925 (1974). And this the claimant may have done in the conversation he had with his employer on September 24. As the record stands now, however, we cannot be certain that this latter conduct constituted the basis for the referee’s legal conclusion. The employer’s testimony in fact, suggests the contrary, indicating that the discharge resulted because of the claimant’s failure to attend the meeting rather than for his announced refusal to obey future orders.
Without definitive findings vital to a claim, review by this Court is impossible. We must, therefore, remand this case to the Board for the taking of additional evidence, if the Board deems it necessary, and the making of findings necessary to a just determination of this claim. Hunt v. Unemployment Compensation Board of Review, 8 Pa. Commonwealth Ct. 577, 302 A.2d 866 (1973).
We, therefore, issue the following
*481 Order
And Now, this 4th day of June, 1975, the appeal by James S. Sturniolo is hereby sustained and this action shall be remanded forthwith to the Board for action and determinations consistent with the above opinion.

. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802 (e).