Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Blanche A. Ciotti, Appellant.

Argued March 5, 1976, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

374

[redacted]

*Peter B. Macky,* with him *Joseph A. Campagna, Jr.,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., April 23, 1976:

Blanche A. Ciotti (Claimant) appeals an order of the Unemployment Compensation Board of Review (Board) which affirmed the referee's order denying benefits.

The referee found that Claimant was last employed as a clerk and stockgirl by Keystone Center, Inc. (Employer) and that her last day of work was October 2, 1974. On Thursday, October 3, 1974, Claimant called Employer to inquire whether or not she was scheduled to work that Saturday, October 5. Upon being advised that she was scheduled to work that Saturday, Claimant informed Employer that she would not be available since she had to go out of town to assist her son. On October 4, 1974, Claimant reported for work and was discharged for refusal to work on Saturday, October 5.

After receiving additional evidence, the Board made factual findings similar to those of the referee except that the Board found that Claimant gave Employer no reason for her refusal to work that Saturday. This finding is supported by the testimony at the hearing before the Board.

Both the referee and the Board found that Claimant was discharged for willful misconduct in refusing to work

Saturday, October 5, 1974, when she knew she was scheduled to work that day. Accordingly, benefits were denied.

Section 402 of the Unemployment Compensation Law[1] (Act) provides:

> "An employe shall be ineligible for compensation for any week—
>
> . . . .
>
> "(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . ."

We have held that the term "willful misconduct" as used in Section 402(e) means: a wanton or willful disregard of the employer's interest; a deliberate violation of the employer's rules; a disregard of behavior standards which an employer has a right to expect; or negligence such as to manifest culpability, wrongful intent or evil design or show an intentional and substantial disregard of the employer's interest or the employee's duties and obligations. *Winkler v. Unemployment Compensation Board of Review*, 19 Pa. Commonwealth Ct. 49, 338 A.2d 770 (1975). The Board concluded that Claimant's refusal to work on a Saturday, despite her knowledge that she was scheduled to do so, plus her failure to give her supervisor a reason for her refusal, constituted a deliberate violation of her employer's rules. We agree.

In an unemployment compensation case, whether a set of facts constitutes willful misconduct is a question of law and, on review, our role is to determine whether an error of law was committed or a necessary finding of fact was unsupported by substantial evidence. *O'Keefe v. Unemployment Compensation Board of Review*, 18 Pa. Commonwealth Ct. 151, 333 A.2d 815 (1975).

Claimant cites *Pettey v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 157, 325 A.2d

---

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802.

642 (1974), and *Thomas v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 398, 322 A.2d 423 (1974), for the proposition that employees who notify their employers that they are going to miss work for a good reason have been held not guilty of willful misconduct. However, our reading of *Thomas* and *Pettey* reveals that in those cases the claimants informed the employers of the reasons why they would be absent from a scheduled workday. In this case, the Board found that Claimant did not so inform her employer. Our review of the transcript of the hearings leads us to conclude that there is competent evidence to support this finding and we are therefore bound to accept it as true.

Although this case is one in which the claimant was discharged prior to her actual failure to show up for a scheduled workday, we have stated in *Sturniolo v. Unemployment Compensation Board of Review,* 19 Pa. Commonwealth Ct. 475, 338 A.2d 794 (1975), that:

> "[W]illful misconduct can be established where an employee manifests an intent to disobey the reasonable instructions of his employer." 19 Pa. Commonwealth Ct. at 478, 338 A.2d at 796.

In *Sturniolo,* we were unable to determine from the findings of the Board whether the basis of its finding of willful misconduct was the claimant's failure to attend a scheduled meeting or his announced refusal to obey future orders. We therefore remanded to the Board for a determination on that point. In this case, however, no such doubt exists since it is clear that the discharge was for Claimant's announced refusal to work on a scheduled workday. Accordingly, we

ORDER

AND NOW, this 23rd day of April, 1976, the order of the Unemployment Compensation Board of Review, No. B-126876, is affirmed and the appeal is dismissed.