Slata B. Redano, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 1, 1981, before President Judge CRUMLISH and Judges ROGERS and WILLIAMS, JR., sitting as a panel of three.

112

*John N. Keller, Beck, Patterson, Kaminski, Keller and Kiersz,* for petitioner.

*William J. Kennedy,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, August 6, 1981:

Slata B. Redano appeals an Unemployment Compensation Board of Review order denying her unemployment compensation benefits on the ground of willful misconduct.[1] We affirm.

Redano was a part-time matron when the matrons' hours were reduced from 4½ hours per day to 4 hours per day and their duties were modified. She disliked the new work assignment because she contends she was unable to maintain her efficiency. During September, when the changes were ordered, she was one-half hour late for work because of car trouble. Twice later, she left work early due to illness. Finally, on September 27, 1978, Redano left the following note on the principal's desk:

Mr. Stouffer, I'd like to let you know that after tonight I will not clean any more bathrooms, hallways or stairs. I will be doing the same

---

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

work I have been since I started 7 years ago. The work is too much and I will not do any more. I'm not a robot. I won't quit so you can fire me if you want to. I just don't give a damn anymore.

On October 2, 1978, Redano was dismissed. Affirming the referee's denial of benefits, the Board found that Redano had given reasonable notice to her supervisor on each occasion when she arrived late or departed early, thus, these incidents did not constitute willful misconduct. The note, on the other hand, was something else. It was held to be tantamount to insubordination rising to the level of willful misconduct. We agree.

The refusal by an employee to perform work assigned by his employer can amount to willful misconduct. If the employer's request is reasonable as related to the employee's overall duties, and the employee's refusal is arbitrary, this can evidence a disregard of the standards of behavior an employer expects of his employees. *Hughes v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 422, 397 A.2d 494 (1979).

Substantial evidence supports the Board's finding that the adjustment in the matrons' work assignment was in conformity with other employees of the school district, and that the amount of work was not unreasonable for the time allotted, nor did it substantially vary from the matrons' original duties but, more importantly, she had failed to give prior notice to her employer of the reason for her dissatisfaction. Her note, without previous notice, simply stated an unequivocal refusal to complete a reasonable work assignment. We conclude that the note in these circumstances evidenced a disregard of the standards of behavior an employer can expect of his employees.

Affirmed.

## ORDER

The Unemployment Compensation Board of Review order at B-173554, dated June 28, 1979, denying unemployment compensation benefits to Slata B. Redano is affirmed.