Horace L. HALE, Jr., Appellant
(Claimant Below),

v.

REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION and City of Anderson, Employer of Claimant, Appellees.

No. 2–183A22PS.

Court of Appeals of Indiana,
Fourth District.

Oct. 12, 1983.

Horace L. Hale, Jr., pro se.

Charles F. Braddock, Anderson, for City of Anderson.

CONOVER, Presiding Judge.

Horace L. Hale, Jr. (Hale) appeals reduction of his unemployment benefits by the Review Board of the Indiana Employment Security Division (Board).

We affirm.

ISSUES

For purposes of clarity, we restate the issues as follows:

1. Whether Hale received a fair hearing before the claims referee.

2. Whether the claims referee's findings were sufficient.

3. Whether the Board's determination is supported by sufficient evidence.

FACTS

Hale was employed by the City of Anderson (City) in 1979. He was responsible for cleaning and other incidental maintenance work in the Anderson City Hall.

On June 24, 1982, Hale was given a verbal warning for tardiness and absence from work, but a later evaluation determined his performance was satisfactory. Thereafter, he was twice suspended for "failure and refusal" to complete work assignments because he was not adequately cleaning the areas assigned him. His supervisor explained Hale's responsibilities to him in detail, and offered to assist him if Hale did not understand what he was required to do.

When Hale's performance did not improve, he was discharged.

A claims deputy determined Hale had not been discharged for good cause, awarding him full unemployment benefits. The City appealed. Following a hearing, the referee reversed the deputy's decision. Her findings and conclusions were adopted by the board, and Hale's unemployment benefits were reduced.

DISCUSSION AND DECISION

*I. Adequacy of Hearing and Findings*

Hale contends he was not given a fair hearing because (a) the transcript prepared from the hearing is not sufficient for meaningful review by this court, and (b) the referee did not consider all competent evidence offered by Hale.

We disagree.

Hale relies on this court's decision in *Russell v. Review Board,* (1981) Ind.App., 415 N.E.2d 774, in which we were presented with a sparse, incomplete transcript of the hearing. There we said:

> Entertaining all presumptions in favor of the Review Board's decision, we are unable to conclude that the Board's findings are supported by adequate evidence in the record. Indeed, the transcript of the referee's hearing is sufficiently unintelligible as to leave us questioning how any factual findings may be premised thereon.

*Id.,* 415 N.E.2d at 777.

■ Our Legislature has provided for preparation of transcripts in administrative proceedings, particularly before the board. *See,* Ind.Code 22–4–17–6, 22–4–17–12. Transcripts are to be certified as accurate and complete renditions of proceedings. Ind.Code 22–4–17–12. On appeal from a board determination, an incomplete or erroneous transcript may be corrected through procedures provided by Ind.Rules of Procedure, Appellate Rule 15, *Lewis v. Review Board,* (1972) 152 Ind.App. 187, 192, 282 N.E.2d 876, 880, and A.R. 7.2(C), *Ladd v. Review Board,* (1971) 150 Ind.App. 632, 638, 276 N.E.2d 871, 875.

This court previously has stated in other contexts we assume a complete record has been provided. The burden is on the party claiming error to establish a complete and accurate record. *Capitol Builders, Inc. v. Shipley,* (1982) Ind.App., 442 N.E.2d 375, 377 (trans. pending). This presumption is particularly strong because the transcript involved has been certified as true and complete. See, *City of Bloomington v. Hancock,* (1947) 224 Ind. 609, 612, 70 N.E.2d 631, 632; *Lawrence v. Pennsylvania Railroad Co.,* (1960) 130 Ind.App. 18, 20, 168 N.E.2d 74, 75; *cf. Paul v. Walkerton Woodlawn Cemetery Association,* (1933) 204 Ind. 693, 702–03, 184 N.E. 537, 540–41.

■ Hale generally asserts the transcript does not correctly report his testimony. He states he is not as incoherent as the transcript reflects him to be. However, Hale does not recite what the transcript should have stated, nor does he petition this court for correction of the transcript. As our supreme court stated:

> We cannot give heed to what counsel assert as against the record. In the absence of an affirmative showing to the contrary, we must assume not only that the court was fair and accurate in its statements and rulings, but also that the record speaks the truth. If we should stop to determine the wrangles of attorneys *de hors* the record, how would we ever decide anything? If the record is incorrect it should have been amended ... before being sent here. Nothing is better settled with respect to the record in appeals, than that in matters left to conjecture or in doubt all doubts will be resolved in favor of the action of the trial court.... On the same line is the principle that an assertion of counsel not borne out by the record must be disregarded. (Citations omitted.)

*Stevens v. Templeton,* (1910) 174 Ind. 129, 132, 91 N.E. 563, 564. Hale's contention is not supported by the record filed in this court.

■ He next generally argues the appeals referee did not fulfill her duty to protect his interests. Hale was not repre-

sented by counsel, and correctly notes the hearing officer had a duty to insure Hale's interests were protected and that the case was fully presented. 640 I.A.C. 1–11–3; *Russell, supra,* 415 N.E.2d at 777; *see also Walker v. Review Board,* (1980) Ind.App., 404 N.E.2d 1363, 1364, *disapproved on other grounds in Berzins v. Review Board,* (1982) Ind., 439 N.E.2d 1121, 1126 n. 2.

 Again, the record does not support Hale's contention. The referee carefully examined witnesses, and assisted Hale in presenting his case. It is apparent the referee carried out her duties to give Hale a fair hearing. *Walker, supra,* 404 N.E.2d at 1364.

Hale also contends the referee's findings of fact and conclusions of law are inadequate because they do not specifically refute certain evidence he submitted, and the referee's failure to discuss this evidence in the findings and conclusions demonstrates she did not consider it.

We disagree.

 Findings entered by an administrative agency must be sufficient to inform the parties of the evidentiary bases upon which the ultimate findings rest, and to permit this court to engage in meaningful review. *Sloan v. Review Board,* (1983) Ind. App., 444 N.E.2d 862, 864. However, there is no requirement the findings discuss in detail each matter raised during the proceedings. As did the claimant in *Sloan,* Hale has confused "the procedural issue of whether the findings are adequate to advise, with the substantive issues of whether they are sustained by the evidence or lead as a matter of law to a conclusion contrary to that reached by the board. The findings in the instant case are not deficient." *Id.,* 444 N.E.2d at 865. The record demonstrates the referee evaluated all the evidence presented by Hale.

## II. Sufficiency of the Evidence

Hale argues the board's determination is not sustained by the evidence. We disagree.

 On review, this court will examine only that evidence and the reasonable inferences arising therefrom favorable to the board's decision. From that viewpoint we will not disturb the factual determination of the review board unless reasonable men would be bound to reach a decision different from that made by the board. *Cornell v. Review Board,* (1979) 179 Ind.App. 17, 20–21, 383 N.E.2d 1102, 1104–05; *Williamson Co. v. Review Board,* (1969) 145 Ind. App. 266, 272, 250 N.E.2d 612, 615.

 Hale's benefits were reduced pursuant to Ind.Code 22–4–15–2(e). He was discharged for failure to perform his work duties. Hale argues he was doing his best, previously had received favorable evaluations, and his supervisors were attempting to harass him into leaving his employment.[1] However, the City presented substantial evidence Hale had a history of work-related problems, even though his supervisors attempted to assist him in more effectively performing his duties. This evidence was sufficient to sustain the board's determination. Under our standard of review, we cannot disturb its decision.

Affirmed.

MILLER and YOUNG, JJ., concur.

---

1. At several points Hale suggests he was the subject of discrimination by his supervisors. However, he supports these allegations with neither citations to the record nor to relevant authority. Accordingly, any contention City personnel discriminated against Hale is waived. A.R. 8.3(A)(7); see *American Family Insurance Group v. Blake,* (1982) Ind.App., 439 N.E.2d 1170, 1175.