Joann RICHEY, Appellant,

v.

REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION, David L. Adams and Paul M. Hutson, as Members of and as constituting the Review Board of the Indiana Employment Security Division, and Blumenthal Medical Corporation, Appellees.

No. 2-1284A366.

Court of Appeals of Indiana, Third District.

July 25, 1985.

proportionate share in the settlement of the insolvent estate as provided by statute.

Blanca Bianchi de La Torre, Rivera, Schlesinger & de La Torre, East Chicago, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Presiding Judge.

Richey worked as a Certified Medical Assistant for Blumenthal Medical Corporation. After leaving Blumenthal, she applied for and was denied unemployment benefits by the Review Board of the Employment Security Division. Richey appeals and presents three issues for our review:

I. When Richey appeared pro se, did the referee fulfill his duty to examine Richey's witnesses and cross examine Blumenthal's witnesses?

II. Whether sufficient evidence existed to support the Review Board's decision that Richey terminated her employment without good cause?

III. Whether the Review Board failed to follow its own regulation thereby rendering its decision contrary to law?

Affirmed.

On April 28, 1984 Richey and her employer, Dr. Blumenthal, exchanged words. Richey claims she was fired, but Dr. Blumenthal said she was put on probation. It is clear, however, that Richey continued to work for Dr. Blumenthal for another three months. Both parties agree Richey left work voluntarily on July 26, 1984.

I.

The Referee's Duty

■ A claimant is given three opportunities to present her case in the administrative structure of the Employment Security Division (Division). First a deputy hears the claim. An adverse decision by the deputy may be appealed to an appeals referee. A second is available before the full Review Board. *Malcom v. Review Board of the Indiana Employment Security Division* (1985), Ind.App., 479 N.E.2d 1333.

The Review Board in this case adopted the findings of the referee as its own and affirmed the referee's decision. Since Richey appeared pro se, the referee had a duty to examine Richey's witnesses and cross examine Blumenthal's witnesses. 640 Ind.Admin.Code 1–11–3.

Factors which indicate a referee may be derelict in his duties include: leaving too many pertinent questions unanswered; *Id.;* conducting a summary examination, *Id.;* failing to obtain discovery of pertinent records, *Sotak v. Review Bd. of Indiana Employment, Etc.* (1981), Ind.App., 422 N.E.2d 445, 448; and failing to develop issues in any detail. *Id.*

■ The facts brought out by the referee show Richey voluntarily left her employment on July 26, 1985. This means Richey has the burden of establishing that she left for "good cause." *Dozier v. Review Bd. of Indiana, etc.* (1982), Ind.App., 436 N.E.2d 373, 375. She must show a reasonable, prudent person would have left work under similar circumstances. *Id.* The reason for leaving must be job related, objective in character, and exclude purely personal and subjective reasons. *Martin v. Review Bd. of the Ind. Emp. Sec. Div.* (1981), Ind.App., 421 N.E.2d 653, 657.

■ Good cause is a factual determination for the Review Board and the Board's findings are binding on the Court of Appeals unless after considering the evidence favorable to the Board, it compels us to reach a contrary result. *Wasylk v. Review Bd. of Ind. Emp. Sec. Div.* (1983), Ind.App., 454 N.E.2d 1243, 1246.

■ The only finding of fact concerning good cause made by the referee was the following statement: "Apparently the claimant felt uncomfortable in her position and felt that she could not continue employment." Record, p. 24.

While being questioned by the referee, Richey testified she decided to leave because of an exchange of words that occurred between her and Dr. Blumenthal on April 26, 1984. When asked by the referee if she had anything further to add, Richey did not respond. We find it difficult to believe that Richey would not have delineated other problems she may have had after the April incident when she was given the opportunity to do so.

The referee fulfilled his duty by questioning all witnesses and by offering Richey an opportunity to add any information she wished to add.

■ The referee's duty is limited. He does not have to explore every minute aspect of a claimant's termination and her work conditions. He should question all parties and witnesses with a view toward eliciting testimony necessary to ferret out the issues. Sufficient facts should be obtained during his questioning to allow for a reasonable disposition of this issue.

■ Richey argues that the hearing was summary (8½ pages of transcript) and indicates the referee did not fulfill his duty. Although the hearing was short, it brought out the pertinent facts. The necessary issues and facts of the case—not just the length of the hearing—determine whether a presentation is adequate. *Flick v. Review Bd. of Ind. Emp. Sec. Div.* (1982), Ind.App., 443 N.E.2d 84, 86.

Richey also questions whether the referee adequately brought out enough facts to find Richey was uncomfortable in her employment situation and why she was uncomfortable. This is essentially the same argument we address in the next issue.

## II.

### Sufficiency of the Evidence

■ A two tier standard of review applies to Employment Security Review Board decisions. Under this standard, the Board will make "findings of basic facts" which are premises. From these premises the Board will draw conclusions which are termed "findings of ultimate facts." The first tier mandates the relationship from the premises to the conclusions be reasonable. This is a question of law. The second tier is given a deferential review. It requires all premises be supported by substantial evidence. *Adams v. Review Bd. of Ind. Emp. Sec. Div.* (1983), Ind.App., 452 N.E.2d 1083, 1084-5; *Graham v. Review Board, etc.* (1979), 179 Ind.App. 497, 386 N.E.2d 699, 701.

■ Richey attacks the relationship between the premises and the conclusion by claiming the findings of fact concerning good cause were not specific enough.

We disagree. Feeling uncomfortable in an employment situation is a specific enough finding to equate Richey's reasons for leaving as personal and subjective in nature; i.e., her reason was not for "good cause."

■ Next, Richey argues the referee failed to explore the specific reasons why she was uncomfortable in her position. In other words, were the premises supported by substantial evidence? Richey testified the incident leading to her resignation occurred three (3) months before she actually left. The incident, in her words, "just kind of stayed there and it never went any place else." Record, p. 17. The cause of Richey's unhappiness clearly stemmed from the April incident and her subjective feelings about that incident.

In *Geckler v. Review Board of Indiana Emp. Sec. Div.* (1963), 244 Ind. 473, 193 N.E.2d 357, 359 the Indiana Supreme Court reversed a Review Board decision in favor of a claimant who could no longer continue working because criticism from her employer made her nervous. *Geckler* emphasized good cause is cause that would similarly affect persons of *reasonable* and *normal sensitivity*, 193 N.E.2d at 359. Unhappily harboring sensitivity over a disagreement for three months is not reasonable and normal sensitivity.

Even when Richey was given an opportunity to do so, she did not allege or hint that she was treated unfairly or differently than other employees. In fact, she received two weeks of vacation when she was not entitled to it. *See also Long v. Review Board of Indiana Employ. Sec. Div.* (1971), 150 Ind.App. 516, 276 N.E.2d 881 (good cause does not include termination because of claimant's "nerves" due to coemployee confrontations).[1]

Substantial evidence existed to support the finding of the Review Board that Richey's reasons for leaving were personal and subjective.

### III.

### Decision Contrary to Law

Regulation 640 Ind.Admin.Code 1–9–2 of the Employment Security Board provides in pertinent part:

\*　　\*　　\*　　\*　　\*　　\*

"TOTAL UNEMPLOYMENT—Form 501, 'Eligibility Information Report,' shall be submitted to the claim-holding local office within twenty (20) calendar days from the mailing of notice that a former employee has filed an initial or additional claim for unemployment compensation and he was separated from his employment under any of the following conditions:

\*　　\*　　\*　　\*　　\*　　\*

(4) Left work voluntarily without good cause in connection with the work;

\*　　\*　　\*　　\*　　\*　　\*

If the 'Eligibility Information Report,' Form 501, is not received by the Division it will be deemed that the individual involved was separated because no work was available, and the leaving work was for good cause in connection with the work; provided that a determination of eligibility will be issued in those cases where the claimant's statement of reason for separation raises an issue of eligibility.

\*　　\*　　\*　　\*　　\*　　\*

OTHER DISQUALIFYING INFORMATION—An employer unit, including an employer, having knowledge of any facts which may affect an individual's eligibility or right to waiting period credit or benefits or of facts which might affect the determination of whether the applicant's leaving work was without good cause in connection with the work, shall notify the Division claim holding office of such facts within twenty (20) days after the Division has mailed or otherwise delivered to him a notice of benefit liability or notice of the filing of such individual's initial claim or additional claim. Unless such facts are submitted within the prescribed time, the Division may proceed to determine the validity of the claim in question upon the best information available and, for the

---

1. Richey asserted the referee should have inquired as to whether "bad feelings" existed among coworkers that made her unhappy. As *Long* illustrates, there is no merit to this assertion.

purpose of the initial determination, it shall be conclusive with respect to any data which should otherwise have been submitted...."

■ We do not agree with Richey's interpretation that this regulation means the employer's failure to submit an Eligibility Information Report (Form 501) results in an automatic grant of a claimant's application.

■ Our function in interpreting a statute is to implement the intent of the legislature. *Daugherty v. State* (1984), Ind.App., 466 N.E.2d 46, 52. When a statute is unambiguous, as is true of the preceeding regulation, we take the words in their plain and ordinary sense. *Id.* "Interpretation" is not warranted when the statute is clear and unambiguous. *Id.*

Failure to submit a Form 501 will result in a determination that a claimant left work for good cause *unless* the claimant's statement of reasons for separation raises an issue of eligibility. 640 IAC 1–9–2.

A claimant's statement (Report of Irregular Claim Form 527) was filled out by Richey on the same day she applied for benefits; August 14, 1984. In the statement, Richey discussed the April altercation and said she was fired. She did not state the date the altercation occurred nor did she state that she voluntarily left her position several months after she was fired. Two issues were raised by this statement: 1) when did the incident occur: 2) was Richey fired for just cause or for gross misconduct?

Once such issues are raised in the claimant's statement, the Division may determine the validity of the claim based on the best information available. 640 IAC 1–9–2.

Part of the information from which the division may draw to make a decision includes any disqualifying information submitted by an employer; provided, the information is submitted within twenty (20) days

after notice of the initial claim is mailed to the employer. *Id.*

Dr. Blumenthal mailed the division a letter dated August 31, 1984, and it was marked as received by the Employment Security Division on September 4, 1984. While the record is devoid of any notice sent to the Doctor by the division, any notice sent would have been sent on or after the day Richey applied for benefits (August 14, 1984). The Doctor's letter was received by the division within twenty (20) days of the date of Richey's application, so regardless of when the notice was mailed, we find the Doctor's letter was timely and provided other disqualifying information which the division was able to use when it determined the validity of Richey's claim.[2]

■ We conclude that the employer's failure to submit Form 501 raises a conclusive presumption that the claimant is entitled to unemployment benefits unless the claimant's statement explaining why she left work raises an issue of eligibility. Once an eligibility issue is raised, the employer has a second chance to submit disqualifying information provided the information is submitted within the time prescribed in the regulation. This information may be used by the Board to determine the claim's validity. Even if the employer fails to timely submit disqualifying information, the Division is given the power to proceed and decide the validity of the claim on the best information available. Accordingly, the Board has followed its own regulation and its decision is not contrary to law.

As the Referee has properly fulfilled his duty; the Board has based its decision on substantial evidence; and the Board's decision was not contrary to law, we affirm.

HOFFMAN and GARRARD, JJ., concur.

---

**2.** The regulations do not prohibit the Board from considering information that has not been timely submitted. It appears the regulations are telling the employer to submit his information

in a timely manner or a decision affecting him can be reached by the division without his information.