Dennis C. SANDERS, Appellant,

v.

REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION, John Mowrer, Nanette L. McDermott, and Joe Harris as the members of and constituting the Review Board of the Indiana Employment Security Division; and Hayes International, Appellee.

No. 93A02–8709–EX–391.

Court of Appeals of Indiana, First District.

Nov. 4, 1987.

Timothy P. Broden, Legal Services Program of Northern Ind., Inc., Lafayette, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl Lynn Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

NEAL, Judge.

### STATEMENT OF THE CASE

Claimant-appellant, Dennis C. Sanders (Sanders), appeals from a decision of the Review Board of the Indiana Employment Security Division (Review Board) denying him trade readjustment allowance (TRA) benefits under the Federal Trade Act of 1974, 19 U.S.C. § 2271.

We affirm.

## STATEMENT OF THE FACTS

Sanders commenced employment with Hayes International in February of 1980. He was assigned to the shipping and receiving department, and his responsibilities included packing and building crates and operating a forklift. In September of 1983 Sanders was injured in a work-related accident. Medical problems persisted, and one year later a physician diagnosed his condition as multiple sclerosis. Due to his condition the physician recommended that Sanders engage in limited physical activity at work. He was released to return to work without restriction in March of 1986. Because of his physical condition Sanders was increasingly absent from work. He was notified that if his attendance did not improve he would be discharged. Sanders last reported for work on June 18, 1986. His attendance not having improved, Sanders was discharged from employment for excessive absenteeism on July 3, 1986.

Upon learning that the United States Secretary of Labor had certified that workers for Hayes met the group eligibility requirements for TRA benefits, Sanders filed an application for such benefits. Sanders' application was denied and he appealed. Following a hearing, the appeals referee upheld the denial of Sanders' claim. Her findings and conclusions were adopted by the Review Board, and the denial of Sanders' claim was affirmed. Sanders subsequently instituted this appeal.

## ISSUES

Sanders presents the following issues for our review:

I.   Whether the Review Board erred as a matter of law in refusing to grant Sanders' claim for TRA benefits.

II.  Whether there was sufficient evidence to support the Review Board's finding that Sanders' separation was not due to a lack of work.

III. Whether the referee failed in her duty to adequately assist Sanders, an unrepresented claimant.

## DISCUSSION AND DECISION

■ The Review Board denied Sanders' claim for adjustment assistance after concluding that he was separated from adversely affected employment for reasons other than lack of work. Sanders challenges this decision as contrary to law.

The Trade Act of 1974 established a program to provide trade readjustment allowance benefits to qualified workers who had lost their jobs due to foreign competition. In order to qualify individuals must satisfy group and individual worker eligibility requirements. Under the Act, the Secretary of Labor certifies that a group of workers is engaged in employment adversely affected by imported products and eligible to apply for TRA benefits. Individual workers within the group must then meet certain standards to qualify to receive such benefits.

The parties stipulate that employees of Hayes were certified as workers engaged in adversely affected employment, and thus, eligible to apply for adjustment assistance. However, in order to qualify to receive benefits, Sanders also had to meet the requirements for individual workers.

■ The Secretary of Labor has prescribed regulations necessary to carry out the provisions of the Trade Act. 29 C.F.R. § 91.7 (1987) lists three requirements which an individual worker must satisfy to qualify. In pertinent part it states:

To qualify for a trade readjustment allowance an individual must meet each of the following requirements.

(a) *Certification.* The individual must be an adversely affected worker covered by a certification.

At issue is whether Sanders was an adversely affected worker within the meaning of the Trade Act.

An "adversely affected worker" is defined as an individual who, because of lack of work in adversely affected employment, has been totally or partially separated from such employment. 19 U.S.C. § 2319(2), 29 CFR § 91.3(4) (1987). "Adversely affected employment" is defined as employment in a firm where the workers have been certified

657

as eligible to apply for adjustment assistance. 19 U.S.C. § 2319(1); 29 C.F.R. § 91.3(3) (1987). In order to achieve such status, therefore, a worker must be engaged in adversely affected employment *and* be separated due to a lack of work. If both conditions are met, a worker has satisfied this qualification.

■ In its Findings and Conclusions the Review Board determined that Sanders' separation was not due to a lack of work. Therefore, Sanders was not an adversely affected worker within the meaning of the Trade Act. Accordingly, the denial of his claim for TRA benefits was not contrary to law.

Sanders also argues that there was insufficient evidence to support the Review Board's findings. Specifically, he claims that there was insufficient evidence to support a finding that he was physically unable to maintain the employment relationship. Presumably, Sanders is arguing that, absent sufficient evidence to this effect, we must set aside the finding that his separation was not due to a lack of work.

■ On review, this court will examine only that evidence and the reasonable inferences arising therefrom favorable to the Review Board's decision. We will not disturb the factual determination of the Review Board unless reasonable men would be bound to reach a decision different from that made by the Review Board. *Hale v. Review Bd. of the Indiana Employment Security Div.* (1983), Ind. App., 454 N.E.2d 882.

■ The Review Board's findings of fact relevant to this issue state:

The referee finds that the claimant's separation from work was due to his health problems and that the claimant's separation from work was not due to lack of work by the employer.

Record at 56. The Review Board's finding that Sanders was discharged due to reasons related to his health problems is supported by substantial evidence. The record is clear that Sanders was discharged because of his excessive absenteeism. Quoting from a letter written by Robert Hull, Labor Relations Manager, notifying Sanders of his termination, Barbara Thompson, Manager of Personnel Administration, testified that Sanders' record of absences indicated that his physical condition prevented him from performing work as regularly scheduled. Sanders had been informed three months earlier that he would be discharged if his attendance did not improve. In fact, on the date of his termination, July 3, Sanders had been absent from work since June 18. Due to these circumstances, he was determined to be unsuitable for industrial employment and subsequently discharged. Thompson testified further that work was available at the time Sanders was dicharged and that the company was not trying to phase out his job. That Sanders was considered suitable for industrial employment by his physician and released to return to work on July 3 is irrelevant. It is undisputed that he was discharged due to his excessive absenteeism. The evidence was sufficient to sustain the Review Board's determination that Sanders separation was not due to a lack of work. Under our standard of review, we cannot disturb its decision.

■ Finally, Sanders claims that the referee failed in her duty to adequately develop the record on his behalf. Sanders was not represented by counsel at the eligibility hearing. He notes that the hearing officer had a duty to insure that his case was fully presented. 640 I.A.C. 1–11–3 provides in pertinent part:

Where either party fails to appear or where either party is not represented by an attorney or duly authorized agent, it shall be the duty of the referee to examine such party's witnesses, and to cross-examine all witnesses of the other party in order to insure complete presentation of the case.

Specifically, Sanders claims that the referee neglected her duty to insure all issues were fully presented by her failure to ask questions and elicit evidence regarding certification of Hayes as adversely affected employment and evidence illustrating that he was an adversely affected worker. Questions regarding the former allegation focus on whether Sanders met the group

eligibility requirements. However, this was not at issue at the eligibility hearing. Questions in this regard, therefore, were not necessary.

At issue was whether Sanders met the individual worker requirements. The record does not support Sanders' contentions in this regard. The referee assisted Sanders in presenting his case and insured that his interests were protected. She carefully examined Sanders and all opposing witnesses. In addition she permitted Sanders the opportunity to ask further questions and make closing remarks. By way of this examination she elicited evidence illustrating whether Sanders was an adversely affected worker. Sanders states that evidence indicating that he and other employees may have been laid-off was not presented. To the contrary. The referee asked questions which showed that Sanders was discharged due to excessive absenteeism and that his position and work remained available after his termination. A review of the hearing transcript leads us to conclude that the referee fulfilled her responsibility and gave Sanders a fair hearing.

Accordingly, for the above reasons, the judgment is affirmed.

Judgment affirmed.

RATLIFF, C.J., and HOFFMAN, J., concur.