Rita MEULEN, Appellant,

v.

REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION, John Mowrer and Joe A. Harris, as Members of and Constituting the Review Board of the Indiana Employment Security Division,

and

Electrosound, Inc., Appellees.

No. 93A02–8704–EX–00162.

Court of Appeals of Indiana, Second District.

Sept. 6, 1988.

Rehearing Denied Oct 4, 1988.

Sandra D. Leek, Kenneth J. Falk, Legal Services Organization of Indiana, Inc., Indianapolis, for appellant.

Russell J. Sanders, McNeely, Sanders & Stephenson, Shelbyville, for appellee Electrosound, Inc.

SULLIVAN, Judge.

Rita Meulen appeals the decision of the Review Board of the Indiana Employment Security Division (Review Board) denying her claim for unemployment benefits.

We affirm.

Meulen argues that the Review Board's conclusion that she was discharged for just cause is erroneous because she did not deliberately violate her employer's rules in contravention of I.C. 22–4–15–1 (Burns Code Ed.Repl.1986).

It is well established that:

1. What appears to be a typographical error in *Hale, supra,* 454 N.E.2d at 885, creates a confusing misstatement potentially affecting interpretation of that decision. Hale appealed under I.C. 22–4–15–1, defining grounds for disqualification from receiving unemployment benefits, rather than I.C. 22–4–15–2 (Burns Code Ed.Repl. 1986) which covers the effects of an unemployed individual's failure to apply for or accept suitable work. *Hale v. Review Board of the Indiana Employment Security Division,* Cause

" 'just cause,' as used in the Employment Security Act, means failure or volition, and does not mean something blameworthy, culpable, or worthy of censure.

\*      \*      \*      \*      \*      \*

[Just cause] is conduct evidencing such wilful or wanton disregard of the employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has a right to expect of his employee, or a *carelessness or negligence of such a degree or recurrence* as to manifest equal culpability, wrongful intent, or evil design, or to show an intentional or substantial disregard of the employer's interest, or of the employee's duties or obligation to his employer." *Wampler v. Review Board of the Indiana Employment Security Division* (1986) 2d Dist. Ind.App., 498 N.E.2d 998, 1001, (quoting *Wakshlag v. Review Board of the Indiana Employment Security Division* (1980) 1st Dist. Ind.App., 413 N.E.2d 1078, 1082) (emphasis in original).

▮ Deliberation is not required to be demonstrated before benefits may be withheld. Though mere negligence is not sufficient, the recurring failure to perform one's duties is just cause for discharge. *Hale v. Review Board of the Indiana Employment Security Division* (1983) 4th Dist. Ind.App., 454 N.E.2d 882;[1] *White v. Review Board of the Indiana Employment Security Division* (1972) 2d Dist., 151 Ind.App. 426, 280 N.E.2d 64.

▮ According to the evidence before us, in little over one year, Meulen committed six procedural errors meriting discipline, despite her access to step by step job instructions and the guidance and assistance of her supervisor. Additionally, Meulen

No. 2–183A22PS, transcript at 77, 82, 6. Upon concluding that Hale was discharged for just cause, the referee ruled that Hale's "benefit rights are *suspended* ... until the claimant has earned one hundred and nine (109) dollars or more in each of eight (8) weeks. The maximum benefit is reduced by 25 percent or five hundred eighty-five (585) dollars." *Id.* at 78 (emphasis supplied). As the appeals court decision indicates, the Review Board affirmed the referee's decision.

was disciplined three times within five months for excessive unexcused absences. Cumulatively these violations, though not evidence of moral culpability or deliberate conduct, demonstrate more than mere inadvertence or incompetence. Meulen's repetitive conduct coupled with her absenteeism demonstrate an overall course of recurrent conduct sufficient to justify the denial of unemployment benefits. *See Hale, supra,* 454 N.E.2d 882; *Love v. Heritage House Convalescent Center* (1983) 2d Dist. Ind. App., 463 N.E.2d 478; *White, supra,* 280 N.E.2d 64.

Because just cause existed for Meulen's discharge, we need not address Meulen's additional argument that the Review Board erroneously concluded that her employer's disciplinary rules were "fair and evenly applied" (Record at 100), in compliance with I.C. 22–4–15–1(d)(2).[2] Although her employer's four-step disciplinary procedure may not have been "uniformly" applied and even if the four steps are "rules," our sole concern is whether there was just cause for Meulen's termination. We have determined that such cause existed.

■ Finally, Meulen asserts that the referee failed to adequately assist her in presenting her case pursuant to 640 I.A.C. 1–11–3. As the court observed in *Richey v. Review Board of the Indiana Employment Security Division* (1985) 3d Dist. Ind.App., 480 N.E.2d 968, 971:

> "The referee's duty is limited. *He does not have to explore every minute aspect* of a claimant's termination and her work conditions. He should question all parties and witnesses with a view toward eliciting testimony necessary to ferret out the issues. *Sufficient facts should be obtained* during his questioning *to allow for a reasonable disposition* of this issue." (Emphasis supplied.)

Here, the hearing lasted almost two hours. The referee actively participated in both direct and cross examination. In addition, Meulen was offered a final opportunity to add any information she believed to be pertinent. These facts demonstrate that

the referee adequately performed his statutory duty to assist Meulen in presenting her case. *See Gordon v. Review Board of the Indiana Employment Security Division* (1981) 3d Dist. Ind.App., 426 N.E.2d 1364; *see also Richey, supra,* 480 N.E.2d 968; *Hale, supra,* 454 N.E.2d 882.

The decision of the Review Board is AFFIRMED.

SHIELDS, P.J., and BUCHANAN, J., concur.

---

2. Under I.C. 22–4–15–1(d)(2), a discharged employee is disqualified from receiving unemployment compensation if he has knowingly violated a uniformly enforced work rule.