543 N.E.2d 397 (1989)
Larry V. THOMAS, Appellant (Petitioner below),
v.
REVIEW BOARD OF THE DEPARTMENT OF EMPLOYMENT AND TRAINING SERVICES, Anthony C. Guido, Joe A. Harris and Nanette L. McDermott, As Members of and As Constituting the Review Board of the Department of Employment and Training Services, and Alan Matlock, Appellee (Respondent below).
No. 93A02-8903-EX-115.
Court of Appeals of Indiana, Second District.
September 11, 1989.
*398 Christopher B. Haile and Martha J. Crossen, Legal Services Organization of Indiana, Inc., Indianapolis, for appellant.
SHIELDS, Presiding Judge.
Larry V. Thomas appeals the denial of unemployment compensation by the Review Board (Board) of the Department of *399 Employment and Training Services (Department).
We reverse and remand.

ISSUE
Whether an employee is disqualified from unemployment compensation if he voluntarily leaves his employment as a result of his employer's refusal to pay a statutorily mandated wage.

FACTS
Thomas was employed as a driller helper and truck driver by Alan Matlock from June 1988 to December 9, 1988. Thomas was scheduled to work forty hours per week from 8 a.m. to 4 p.m. Monday through Friday at a rate of six dollars per hour. On several occasions, however, Thomas worked overtime at Matlock's request. He asked Matlock about extra pay for overtime work. Matlock told Thomas he did not pay extra for overtime and anyone who filed a claim for overtime pay with the "Labor Board"[1] would be fired. Matlock had fired at least one previous employee for filing an overtime claim with the United States Department of Labor (Wage and Hour Division). Thomas inquired further, and Matlock told him he would fire him if he filed a claim. Thomas left work and did not return. He filed a claim for overtime pay with the Wage and Hour Division.
Thomas also filed a claim for unemployment compensation with the Department which was denied by the Department's deputy, who found that Thomas had voluntarily left his employment without good cause. The Department's appeals referee held a hearing and affirmed the deputy's denial of benefits on the same grounds. Thomas appealed to the Board, which adopted the findings and conclusions of the referee and affirmed the denial of benefits. Having exhausted his administrative remedies, Thomas brings this appeal.

DISCUSSION

I.
Thomas argues that the Board erred in finding that he voluntarily left his employment. Insofar as the findings of fact by an administrative board are concerned, the reviewing court is bound by them, if they are supported by the evidence. It may not substitute its judgment for that of the board. Jones v. Review Board (1987), Ind. App., 508 N.E.2d 1322. Though reasonable people could disagree whether Thomas was discharged or voluntarily left, we cannot substitute our judgment for that of the Board. There is evidence that Thomas voluntarily left his employment in his testimony describing the events of his termination. Therefore, the Board did not err in finding he voluntarily left his employment.

II.

A.
Although Thomas voluntarily left his employment, if the Fair Labor Standards Act (Act)[2] is applicable to his employment, then he left with good cause: his employer's refusal to pay him the wage to which he was legally entitled.[3] While Indiana courts have not specifically addressed this issue, courts in several of our sister states have summarily held that an employee has good cause to voluntarily leave his employment when his employer refuses to pay a statutorily mandated wage. Mueller v. Harry Lee Motors (1976), Fla. Dist. Ct. App., 334 So.2d 67; In re Raymus (1984), 102 A.D.2d 154, 477 N.Y.S.2d 751; LaTruffe v. Commonwealth (1982), 70 Pa.Commw. 323, 453 A.2d 47; Frey v. Commonwealth (1978), 34 Pa. Commw. 581, 383 A.2d 1326. We agree. As a matter of law, an employer's refusal to pay a statutorily mandated wage after *400 the employee's demand, constitutes good cause for the employee to terminate his employment.
Thus, Thomas is entitled to receive unemployment compensation benefits if the Act is applicable to his employment.

B.
The Board's findings fail to address the issue of the applicability of the Act, even though it was raised by Thomas when he quoted a portion of the Act at his hearing before the referee. The usual and appropriate remedy when the Board fails to make a finding on an essential issue is to vacate the Board's decision and remand the cause to the Board for the Board to make an appropriate finding based on the existing record and, after considering that finding, to redetermine the claim. Of course, if the record is devoid of evidence on an essential issue, the party with the burden of proof on the issue ultimately will suffer an adverse decision.
Here, Thomas voluntarily left his employment; therefore, he had the burden of proving that his termination was for good cause in connection with his employment. Though the record is devoid of evidence to support any finding on the issue of the applicability of the Act, in this case that deficiency is not fatal to Thomas's claim. When an unemployment compensation claimant appeals pro se the denial of unemployment compensation, the referee has a duty "to insure a complete presentation of [the claimant's] case at the review hearing." Flick v. Review Board of the Indiana Employment Security Division (1982), Ind. App., 443 N.E.2d 84, 86. 640 IAC 1-11-3 (1988).[4]
In his hearing before the referee, although Thomas quoted from the Act,[5] the referee failed either to request a citation for the quote or to obtain a copy of the quoted material from Thomas to place in the record; she failed to inquire and develop Thomas's position regarding the applicability of the Act to Thomas's employment. In other words, the referee failed in her duty to insure Thomas received his due process right to a complete presentation of his case.
A new hearing is necessary so that the applicability of the Fair Labor Standards Act can be determined, i.e., whether Thomas was "engaged in commerce, or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).[6]
The decision of the Board is reversed and the cause remanded for further proceedings.
ROBERTSON, J., concurs.
SULLIVAN, J., concurs, with separate concurring opinion.
SULLIVAN, Judge, concurring.
I wholeheartedly agree that the referee had the affirmative duty to inquire concerning application of the mandatory overtime pay provision. Accordingly, we should and must reverse. In voting as I do, I do not retreat from my view that a referee is placed in an untenable position when a benefit claimant is not represented by counsel.
The referee must on one hand cross-examine the witnesses who appear in opposition to the claim (640 Indiana Administrative Code 1-11-3 (1988 ed.)) and must insure that claimant's case has been fully presented, yet on the other hand remain an impartial and objective trier of the facts. *401 These duties are inconsistent and incompatible. They cannot coexist.
One may recognize that the duty to assure a fair and complete presentation of all relevant facts arises because the unemployed infrequently have adequate means to retain professional representation. That duty, however, should not be placed upon the quasi-judicial officer who determines the facts and either awards unemployment benefits or denies those benefits.
Either the Unemployment Security Division should have independent staff to counsel and represent claimants or some other method should be found to resolve the problem. See Survey, Administrative Law, 16 Ind.L.Rev. 1 at 6-8 (1983). In any event, the tension between the two duties creates an actual conflict of interests on the part of the referee. The problem should not go unaddressed. This court is not at liberty to ignore the clear dictate of the Administrative Regulation nor to impose upon the administrative system the needed representation for meritorious claims. The most appropriate forum is, of course, the General Assembly.
Subject to the above gratuitous and somewhat editorial comment, I concur in the reversal of the decision of the Board.
NOTES
[1] The Wage and Hour Division of the United States Department of Labor is the agency charged with the enforcement of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., which governs the rate of pay for overtime work.
[2] 29 U.S.C. § 201 et seq.
[3] The Board found that Thomas did in fact work overtime.
[4] 640 IAC 1-11-3 provides in pertinent part:

Where either party fails to appear or where either party is not represented by an attorney or duly authorized agent, it shall be the duty of the referee to examine such party's witnesses, and to cross examine all witnesses of the other party, in order to insure complete presentation of the case.
[5] 29 U.S.C. § 201 et seq., specifically 29 U.S.C. § 207(a)(1).
[6] For a discussion of the expansiveness of this provision see A.B. Kirschbaum Co. v. Walling (1942), 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638, where landlords' employees who engaged in the operation and maintenance of loft buildings were held to be "within the act because they were engaged in occupations `necessary to the production' of goods for commerce by the tenants." 316 U.S. at 524, 62 S.Ct. at 1120.