**Kenneth W. JONES, Appellant–Claimant,**

v.

**REVIEW BOARD OF the INDIANA DEPARTMENT OF EMPLOYMENT AND TRAINING SERVICES, Sandra D. Leek and George H. Baker, as Members of and as constituting the Review Board of the Indiana Department of Employment and Training Services, and Riverside Residential Center, Appellees.**

No. 93A02–9106–EX–264.

Court of Appeals of Indiana, Second District.

Dec. 31, 1991.

Kenneth J. Falk, Dawn L. Howell, Legal Services Organization of Indiana, Inc., Indianapolis, for appellant-claimant.

Linley E. Pearson, Atty. Gen., Preston Black, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellees.

BUCHANAN, Judge.

### CASE SUMMARY

Claimant-appellant Kenneth Jones (Jones) appeals from the denial of his claim for unemployment benefits by the appellee Review Board (Board) of the Indiana Department of Employment and Training Services (Department), claiming that the Board's decision was erroneous and that

the hearing officer denied him a fair hearing.

We affirm.

## FACTS

The facts most favorable to the Board's decision reveal that Jones was employed by appellee Riverside Residential Center (Riverside), a work release facility, as an intensive outpatient counselor. Jones worked at Riverside from September 4, 1990 until February 7, 1991, when he was discharged. Jones' normal working hours were 8:00 a.m. to 5:00 p.m., Monday, Wednesday and Friday, and 1:00 p.m. to 9:00 p.m. on Tuesday and Thursday.

In January 1991, Riverside began holding mandatory staff meetings Wednesday evenings at 6:00 p.m. and all staff members were expected to attend. Jones attended the first two meetings, and was excused from attending a meeting on January 30, 1991, because his car was being repaired.

Jones missed the next scheduled meeting on February 6, 1991, but did not request that his absence be excused. The next day, Jones' supervisor, Karen Davis (Davis), gave him a written warning that he was to attend future staff meetings, and she told him that future warnings would result in a more strict decision. Jones responded that he had a personal conflict with the weekly staff meetings, and said that he could not and would not attend the meetings. Jones also said that he was not married to Riverside. Davis then fired Jones for refusing to attend the staff meetings.

Jones' initial application for unemployment compensation was denied by the Department. The deputy's conclusion stated that Jones was discharged for continual tardiness. Jones requested a hearing before a referee, and a hearing was set for April 5, 1991. The notice of hearing indicated that the issue involved was whether Riverside discharged Jones for just cause. At the hearing, Jones, Davis and two other Riverside employees testified. The administrative law judge told Jones that he would not consider the tardiness issue because he was bound by Riverside's statement of the reason for his discharge: refusing to attend the staff meetings. After the hearing, the hearing officer concluded that Jones had been discharged for just cause for refusing to attend weekly staff meetings. After appeal to the full Board, the hearing officer's findings and conclusions were adopted by the Board.

## ISSUES

1. Whether Jones' refusal to attend future staff meetings is sufficient to sustain the Board's conclusion?

2. Whether Jones was afforded a fair hearing?

## DECISION

ISSUE ONE—Was Jones' refusal to attend future staff meetings just cause for his discharge?

PARTIES' CONTENTIONS—Jones argues that because he had not actually failed to attend a future staff meeting, his statements that he would not attend future meetings cannot be considered a refusal to obey current instructions, i.e. *in futuro* is not *in praesenti*, and therefore he was not properly discharged. The Board responds that the question of whether Jones' statements constituted a refusal to work is a question of fact for the Board to decide.

CONCLUSION—Jones was dismissed for just cause.

■ The question we must decide, which has never before been considered by the courts of this state, is whether an employee's present statement that he or she will not perform a certain act or acts in the future, is sufficient to support dismissal.

■ When reviewing the Board's decisions, we will not reweigh the evidence or reassess the credibility of the witnesses. Considering only the evidence most favorable to the Board's decision, and all reasonable inferences drawn therefrom, we will affirm if there is substantial evidence of probative value supporting the Board's determination. *Stepp v. Review Bd.* (1988), Ind.App., 521 N.E.2d 350.

An employee's refusal to obey an employer's reasonable instructions is sufficient to preclude recovery of unemployment compensation. *Sloan v. Review Bd.* (1983), Ind.App., 444 N.E.2d 862; *Poort v. Review Bd.* (1981), Ind.App., 418 N.E.2d 1193; *Graham v. Review Bd.* (1979), 179 Ind.App. 497, 386 N.E.2d 699; Ind.Code 22–4–15–1(d)(5) (1988). As this court in *Graham, supra,* remarked: "When the authority of those in whom the employer has confided responsibility for day-to-day operations is flouted by an employee's willful disregard of reasonable directives, just cause for discharge of that employee exists." *Id.* at 501, 386 N.E.2d at 702. Jones seeks to distinguish *Sloan, Poort* and *Graham* on the basis that each case dealt with a refusal to follow *current* instructions.

Although the issue before us was not considered by this court in *Cargal v. Review Bd.* (1981), Ind.App., 428 N.E.2d 85, the facts in that case are somewhat similar to this one. In *Cargal,* one of the Department's interviewers was discharged for refusing to refer applicants to jobs in liquor, movie or dancing establishments because of his religious convictions. In affirming the denial of the interviewer's claim for unemployment compensation, we observed the following facts: "He put these objections into writing after being asked to do so. He was told that if he continued to object he would be discharged. Cargal continued to *state* that he could not do his assigned job; he was fired." *Id.* at 86 (emphasis supplied). Cargal's statements that he would not perform his job were sufficient to support the determination his discharge was for just cause.

Courts in other jurisdictions have also concluded that the expression of an intent to refuse to perform future actions is sufficient to constitute just cause for an employee's dismissal. In *Holland v. Unemployment Compensation Bd. of Review* (1972), 4 Pa.Cmwlth. 292, 286 A.2d 19, the court concluded: "Claimant's insistence that she was not required to work 54 hours a week, her unreasonable refusal to agree that she would work the full number of hours expected of her, *and her obvious intention* to cut back her weekly hours to 50 or less constituted 'willful misconduct' …" which supported the denial of the claimant's application for unemployment compensation. *Id.* at 298, 286 A.2d at 23 (emphasis supplied).

The court was more explicit in *Sturniolo v. Unemployment Compensation Bd. of Review* (1975), 19 Pa.Cmwlth. 475, 338 A.2d 794. There, the court considered a claimant's discharge for refusing to attend future meetings, and concluded "willful misconduct can be established where an employee manifests an intent to disobey the reasonable instructions of his employer…." *Id.* at 478, 338 A.2d at 796. Although the court in *Sturniolo* remanded the matter back to the board for more explicit factual findings, the decision was followed in *Unemployment Compensation Bd. of Review v. Ciotti* (1976), 24 Pa. Cmwlth. 373, 356 A.2d 368. In *Ciotti,* the claimant had stated, on Thursday, that she would not work on Saturday. The claimant was then fired on the intervening Friday. The court followed *Sturniolo* and denied the claimant's request for compensation. In *Redano v. Unemployment Compensation Bd. of Review* (1981), 61 Pa.Cmwlth. 111, 433 A.2d 151, the court sustained the denial of benefits to a claimant who was discharged after writing a note which stated that she would not perform certain work in the future.

The court rejected Jones' precise contention in *Myers v. Iowa Dept. of Job Services* (1985), Iowa App., 373 N.W.2d 507:

"An employer has the right to expect an employee to follow his directions whether the directions are delivered by the employer himself or by his designated agent. In the absence of a justified reason, is the refusal to follow an employer's instructions misconduct? While admittedly to have misconduct there must be a current act, there is no basis upon which to accept Myers' argument that we have to wait for the employee to act on his declared intent, i.e., to actually refuse to disobey an order before there can be good cause for discharge.

Myers made a direct assertion that he would not follow the order of his superi-

or. We determine willful misconduct can be established where an employee manifests an intent to disobey the reasonable instructions of his employer."

*Id.* at 510.

We believe the same logic applies in Indiana unemployment compensation law. As we observed in *Graham, supra,* the flouting of an employer's authority constitutes just cause for the employee's discharge. The challenge to the employer's authority is no less significant when it is made before the instructions are to be performed. The refusal itself is the willful misconduct. Jones' insubordinate comments warranted his dismissal despite the fact he could have changed his mind after he expressed his refusal. Jones' argument that his comments should be construed merely as a statement of his dissatisfaction with his working conditions is quite illogical.

As the facts support the Board's conclusion that Jones was discharged for just cause, his unemployment compensation benefits were properly denied.

ISSUE TWO—Did Jones receive a fair hearing?

PARTIES CONTENTIONS—Jones claims that he was denied a fair hearing because the hearing officer prevented him from presenting his side of the case and because he was not offered a continuance. The Board replies that the record as a whole demonstrates Jones received a fair hearing, and that Jones has demonstrated no prejudice arising from the hearing officer's actions.

CONCLUSION—Jones received a fair hearing.

■ Because Jones was not represented by counsel at the hearing, the administrative law judge had a duty to insure a complete presentation of Jones' claim at the hearing. *Thomas v. Review Bd.* (1989), Ind.App., 543 N.E.2d 397; 640 IAC 1–11–3 (1988). A referee's duty, however, is limited. The referee is not the claimant's advocate, rather, he must sufficiently develop the facts and issues to allow for a reasonable disposition of the claim. It is not necessary for the referee to "explore every minute aspect of a claimant's termination." *Meulen v. Review Bd.* (1988), Ind.App., 527 N.E.2d 729, 731, *quoting Richey v. Review Bd.* (1985), Ind.App., 480 N.E.2d 968, 971. Also, it is true that an impartial referee is in somewhat of a dilemma in performing dual roles. *See Thomas, supra* at 400 (Sullivan, J., concurring).

■ Our review of the record of Jones' hearing demonstrates that Jones received a fair hearing. The administrative law judge was not hostile as Jones contends and he questioned each witness, allowed Jones to cross-examine the witnesses presented by Riverside, and gave Jones the opportunity to present his own evidence. The law judge sustained one of Jones' objections to evidence presented by Davis, and excluded some evidence offered by Jones. The fact that Jones was not allowed to present inadmissible statements does not demonstrate that the hearing officer failed to fully develop the record.

The only issue was Jones' refusal to attend the staff meetings. As both he and Davis presented their versions of incident leading to his discharge, we conclude the case was adequately presented. *See Meulen, supra; Richey, supra.*

■ Jones' complaint that the referee should have, sua sponte, offered him a continuance when Jones indicated he thought the issue of tardiness would be considered, is without merit. Jones has demonstrated no prejudice arising from the lack of a continuance. The hearing officer explicitly told Jones he would not consider the tardiness issue, *record* at 16, 19, and Jones acknowledged that he understood that. *Record* at 19. Jones has made no argument that he would have presented other evidence or that he was in any other way hindered by the limitation of the issue considered at the hearing. In short, Jones received a fair hearing.

The Board's decision is affirmed.

HOFFMAN, J., concurs.

 

SULLIVAN, J, dissents with opinion.

SULLIVAN, Judge, dissenting.

The majority opinion, with respect to the "good cause for discharge" issue, presupposes that the requirement for mandatory attendance at the staff meetings was a reasonable requirement as applied to Jones, in light of the hours and conditions of his employment. The mandatory staff meetings took place at 6:00 P.M. To be sure, refusal of Jones to attend on a Tuesday or Thursday, when his shift ran from 1:00 P.M. to 9:00 P.M., would constitute cause for discharge. Quite a different question is presented by a demand to attend a meeting which commences an hour after termination of the shift, as was the case here. The meetings in question were held on Wednesdays when Jones's work shift ended at 5:00 P.M.

A different question would also be presented if, as a condition to the initial employment, it was made known that Jones was expected to attend all staff meetings, no matter when scheduled. I note, however, that the mandatory staff meeting rule was not initiated until January 1991. Jones had been employed since September 1990.

It is not, in my view, appropriate to equate refusal to remain on the job site more than an hour after completion of the work shift with refusal to attend staff meetings during or immediately preceding or following the work shift. To be sure, the difference is but one hour. That difference, however, establishes the line between what is a flagrant disregard for reasonable employment regulations and an arguably valid assertion by an employee that the extra hours required of him are unreasonable. *See Best Lock Corp. v. Review Board of Indiana Dept. of Employment and Training Services* (1991) 4th Dist. Ind. App., 572 N.E.2d 520. Jones's conduct also does not constitute such misconduct or insubordination as to disqualify him from benefits. *Frazier v. Review Board of Indiana Employment Securities Division* (1963) 134 Ind.App. 418, 188 N.E.2d 281.

Because I would reverse upon the merits of the claim for benefits, I do not reach the question with respect to the fairness of the hearing.

We must keep in mind that there is a difference between the right of an employer to terminate an employee who indicates that he does not wish to be a "member of the team", and the right of the employee to draw benefits as a result of such termination. Short of prohibited discriminatory terminations, an employee has no right to continued employment. That truism, however, does not answer the question with regard to entitlement to employment security benefits.