**MEMORIAL HOSPITAL OF SOUTH BEND, INC. [Patient: Debra Clark], Appellant (Plaintiff Below),**

v.

**INDIANA DEPARTMENT OF PUBLIC WELFARE, et al., Appellee (Defendants Below).**

No. 71A03-9007-CV-305.

Court of Appeals of Indiana, Third District.

Dec. 18, 1990.

---

Richard D. Bonewitz, R. William Jonas, Jr., Hammerschmidt, Bonewitz, Amaral & Jonas, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Sabra A. Weliever, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Memorial Hospital appeals the administrative determination that Debra Clark is not entitled to assistance to pay for the costs of her medical care under the Hospital Care for the Indigent Act, raising the sole issue of whether an indigent who is addicted to potentially lethal amounts of cocaine is eligible for assistance to pay medical costs under Indiana Code 12–5–6–2.1.

We affirm.

Debra Clark voluntarily admitted herself into the Pathways Center on October 14, 1987. She had a history of drug abuse, including a year-old cocaine habit which was sustained by the daily consumption of two grams of cocaine at a street value of $200, a potentially lethal dose of the illegal narcotic.

A physical examination upon admission was unremarkable, a chemical profile was essentially normal, and a urine drug screen was negative. Clark was diagnosed, however, to have a chemical dependency on cocaine. She went through a four-week detoxification program, and was recommended to the Pathways aftercare program and community substance abuse support groups after discharge.

As a result of Clark's drug abuse, she had lost a number of jobs prior to her admission into the Pathways Center, and consequently had no medical insurance. She applied for financial assistance pursuant to the Hospital Care for the Indigent Act, Indiana Code 12–5–6–1 *et seq.*, but her application was denied because the Indiana Department of Public Welfare (IDPW) determined that her hospital admission "did not meet the emergency criteria specified by state law." Record, p. 42.

The Memorial Hospital of South Bend, Inc (Hospital) appealed this determination, and an administrative law judge affirmed. The Hospital sought judicial review in court, and again the IDPW's determination was upheld. The Hospital now seeks review here.

▇▇ In reviewing an administrative proceeding, we are bound by the findings

of fact made by the administrative board if the findings are supported by substantial evidence. *Thomas v. Review Board of Dept. of Employment and Training Services* (1989), Ind.App., 543 N.E.2d 397, 399. We may not substitute our judgment for that of the administrative agency. *Id.* Review of an administrative agency's decision is limited to whether the decision was made pursuant to proper procedures, was based upon substantial evidence, was not arbitrary and capricious, and was not in violation of any constitutional, statutory, or legal principle. *State Bd. of Tax Com'rs v. Jewell Grain* (1990), Ind., 556 N.E.2d 920, 921.

Indiana Code 12–5–6–2.1(a) provides:

A resident of Indiana who meets the income and resource standards established by the state department of public welfare under subsection (c) is eligible for assistance to pay for any part of the cost of care provided in a hospital in Indiana that was necessitated after the onset of a medical condition that manifested itself by symptoms of sufficient severity that the absence of immediate medical attention would probably result in:

(1) placing the person's life in jeopardy;

(2) serious impairment to bodily functions; or

(3) serious dysfunction of any bodily organ or part.

In addition, a qualified resident is eligible for assistance to pay for any part of the cost of care that is a direct consequence of the medical condition that necessitated the emergency care.

The purpose underlying the Hospital Care for the Indigent Act is "to make cost-free emergency medical care readily available to indigent persons who suffer serious physical injury, disease, or defect." *Gary Community Mental Health Center, Inc. v. I.D. P.W.* (1987), Ind.App., 507 N.E.2d 1019, 1023, *rehearing denied.*

The Hospital contends on appeal that IDPW's interpretation of section 2.1 of the Act requiring that the care be emergency in nature before the individual is entitled to financial assistance is too strict, and that less than "emergency" status is required. It points to the language of the statute allowing assistance if the condition "would probably result in" the severe results enumerated by the statute.

The Hospital's contention is belied by the language of the statute, which refers to the care provided as "emergency care." It is clear that the legislature merely sought to provide a statutory definition for "emergency care" when it enumerated the conditions which would give rise to assistance.

In addition, a comparison of Clark's condition with the statutory criteria supports the agency's determination that her treatment was not covered by the statute. She exhibited no symptoms of sufficient severity such that the absence of immediate medical treatment would probably result in placing her life in jeopardy, serious impairment to her body functions, or serious dysfunction of any bodily organ or part. Her physical examination upon admission was unremarkable, chemical and urine tests were normal or nearly normal, and her admission was voluntary and a result of her desire to discontinue her drug habit. Although her treating physician testified at the administrative hearing that the amount of cocaine which she used daily was potentially lethal, the tests performed on her indicated that she did not have any significant amount of the drug in her system at the time of her admission. Thus, at the time of her admission, Clark's condition did not present a threat to her life or her bodily integrity. Her treatment, although necessary and beneficial, was not the type of emergency care which entitled her to assistance under the Hospital Care for the Indigent Act.

Affirmed.

BAKER and GARRARD, JJ., concur.