Becky L. RYAN, Claimant–Appellant,

v.

REVIEW BOARD OF the INDIANA DEPARTMENT OF EMPLOYMENT AND TRAINING SERVICES, Michael K. Bonnell, Joe A. Harris, and Nanette L. McDermott, and Dunn Hospital, Employer–Appellees.

No. 93A02–9004–EX–202.

Court of Appeals of Indiana, First District.

Sept. 27, 1990.

Jamie Andree, Legal Services Organization, Bloomington, Donald R. Lundberg, Legal Services Organization, Indianapolis, for claimant-appellant.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for employer-appellees.

BAKER, Judge.

Claimant-appellant, Becky L. Ryan (Ryan), appeals the denial of her claim for unemployment compensation by the Review Board of the Indiana Department of Employment and Training Services (the Board). She presents two issues for our review. First, whether the Board's conclusion that she was discharged for just cause is contrary to law because they did not make a finding that the rule she violated was reasonable or uniformly enforced. Second, whether the Review Board's finding that she knowingly violated one of her employer's rules is supported by the evidence. We need not reach the second issue because we reverse the Board's decision based on Ryan's first claim of error.

## FACTS

Upon her termination of employment from Dunn Hospital, Ryan filed an application for unemployment compensation. The claims deputy denied her claim and Ryan instituted a timely appeal with the appeals referee. The appeals referee conducted a hearing which Ryan attended and which her employer did not. The referee entered findings of fact and conclusions of law and affirmed the deputy's decision. Ryan appealed the referee's decision to the Board which adopted the referee's findings and conclusions and affirmed its decision to deny Ryan unemployment compensation.

The findings and conclusions adopted by the Board provide:

FINDINGS OF FACT: ... The claimant was employed by this employer from June 16, 1988 to November 27, 1989. At the time of separation the claimant was employed as a Secretary of Public Relations, and Wellness, averaging 40 hours per week.

The claimant was discharged by the employer on November 27, 1989, for borrowing one hundred (100.00) dollars from hospital funds to pay some bills. The claimant knew that the employer had a rule which made using hospital funds a dischargeable offense, although she believed that it was alright to do so because she knew other people who were doing it. The claimant had intended at all times to repay the money and considered it a loan from the employer.

CONCLUSION: The Referee concludes that the claimant was discharged for just cause within the meaning of Chapter 15–1 of the Indiana Employment and Training Services Act. The evidence of record is sufficient for the Referee to conclude the claimant was discharged after she borrowed money from the employer's funds without permission. The

evidence would indicate that the employer and the claimant both considered it an unauthorized loan, and not a criminal violation, and therefore the Referee concludes that the claimant was not discharged for theft but for violation of the employer's policy on handling the money. The Referee would conclude that it was just cause for the claimant's discharge within the meaning of Chapter 15–1 of the Indiana Employment and Training Services Act.

*Record* at 6.

## DISCUSSION AND DECISION

■ In reviewing unemployment compensation matters, this court is bound by the following standard of review:

The Board's findings of fact are generally conclusive and binding upon this court. We may not reweigh the evidence and may only consider the evidence and reasonable inferences therefrom most favorable to the Board's decision. Only if reasonable persons would be bound to reach a different conclusion upon the evidence will we disturb the decision of the Board.

*Voss v. Review Board* (1989), Ind.App., 533 N.E.2d 1020, 1021–22 (quoting *Winder v. Review Board* (1988), Ind.App., 528 N.E.2d 854, 856).

■ Under Indiana's unemployment compensation laws, an unemployment claimant is ineligible for benefits if she is discharged for just cause. IND.CODE 22–4–15–1; *Trigg v. Review Board* (1983), Ind. App., 445 N.E.2d 1010. Discharge for just cause is defined in the statute as the following nonexclusive list of conduct:

(1) separation initiated by an employer for falsification of an employment application to obtain employment through subterfuge;

(2) knowing violation of a reasonable and uniformly enforced rule of an employer;

(3) unsatisfactory attendance, if the individual cannot show good cause for absences or tardiness;

(4) damaging the employer's property through willful negligence;

(5) refusing to obey instructions;

(6) reporting to work under the influence of alcohol or drugs or consuming alcohol or drugs on employer's premises during working hours;

(7) conduct endangering safety of self or coworkers; or

(8) incarceration in jail following conviction of a misdemeanor or felony by a court of competent jurisdiction or for any breach of duty in connection with work which is reasonably owed an employer by an employee.

IND.CODE 22–4–15–1(d). While the Board's task is to use any applicable definition in the statute to determine whether an employee was discharged for just cause, our review is limited to determining whether the Board made sufficient findings to support the definition it selected to apply. *Trigg*, 445 N.E.2d at 1013.

The Board in the present case adopted the appeals referee's findings and conclusions which included the referee's determination of the applicable definition in the statute. The Board adopted the referee's finding that Ryan's employer had a rule making the use of hospital funds a dischargeable offense and Ryan knowingly violated that rule.

■ "When an employee is alleged to have been terminated for just cause, the employer bears the burden of proof to establish a prima facie showing of just cause for termination. If that has been done, the burden shifts to the employee to introduce competent evidence to rebut the employer's case." *Hehr v. Review Board* (1989), Ind. App., 534 N.E.2d 1122, 1124 (citing *Sloan v. Review Board* (1983), Ind.App., 444 N.E.2d 862). Before the Board may determine that an employee was terminated for just cause for violating an employer's rule, it must make a finding that the rule was uniformly enforced. *Trigg*, 445 N.E.2d at 1014; *Barnett v. Review Board* (1981), Ind. App., 419 N.E.2d 249. Failure to make such a finding requires reversal. *Trigg*, 445 N.E.2d at 1014; *Barnett*, 419 N.E.2d at 251.

■ In the present case, neither the referee nor the Board made any finding as to

whether the employer's rule against using hospital funds was uniformly enforced. While the normal remedy is to remand the proceedings for findings on this issue, such procedure is not possible in the present case. The employer failed to appear at the hearing and did not provide the referee any evidence to sustain the employer's burden of establishing that Ryan was discharged for just cause. Accordingly, a remand for findings would be futile given the total lack of evidence on the material issue of uniform enforcement.

■ The Board encourages this court to sustain their determination on the theory that Ryan's conduct amounted to a breach of a duty she owed her employer, a factor enunciated in IND.CODE 22–4–15–1(d). The Board cites *Voss*, 533 N.E.2d 1020, to support its position. In *Voss*, this court discussed the impropriety of the review board upholding an employee's discharge on grounds other than those stated by the employer. The review board in *Voss* determined that the employee was discharged for just cause because he made excessive and unauthorized telephone calls at his employer's expense. This reason was the one stated by the employer to be the grounds for the employee's discharge. In addition, the review board found that the employee was discharged for just cause because he violated the employer's Rules 10 and 16 which prohibited unauthorized taking of company property and dishonesty. These reasons were not stated by the employer as grounds for the employee's discharge.

This court determined in *Voss* that the review board erred in finding that just cause for the employee's discharge existed on grounds other than the employer's stated reasons. However, because the review board also found that the employer's stated reason amounted to just cause for the employee's discharge, this court undertook to determine "whether the *stated* grounds for discharge have a basis in fact and constitute just cause." *Voss*, 533 N.E.2d at 1021. This court determined that the employer's stated reason was based in fact and amounted to just cause for the employee's discharge. In addressing the review

board's finding that the employee's conduct also violated rules not stated by the employer, this court stated that because those rules involved dishonesty and the unauthorized use of property, the review board's finding that the employee violated those rules amounted to one that the employee breached a duty owed his employer. According to this court, the review board's finding negated the employee's argument that his conduct was reasonable.

*Voss* did not disturb the proposition that this court must determine whether the stated reasons for an employee's discharge are based in fact and constitute just cause. Consistent with this proposition, we find that the reason for Ryan's discharge is not based in fact and does not constitute just cause because there is no evidence in the record upon which the Board could have determined that the rule was uniformly enforced as required by statute. IND. CODE 22–4–15–1(d)(2); *Trigg*, 445 N.E.2d at 1014; *Barnett*, 419 N.E.2d at 251. We also find that the Board's reliance on *Voss* is misplaced. The Board selected the definition of just cause to be the knowing violation of an employer's rule. We are constrained to determine whether the Board made sufficient findings to support this definition. *Trigg*, 445 N.E.2d at 1013. We have determined that the Board did not make sufficient findings to support the definition it selected. We refuse the Board's invitation to select an alternative definition of just cause at this stage of the proceedings.

The Board's decision affirming the denial of Ryan's unemployment compensation is reversed. Because the employer failed to meet its burden of establishing the uniform enforcement of the rule, the cause is remanded with instructions to reinstate Ryan's benefits.

RATLIFF, C.J., concurs.
CONOVER, J., concurs in result.