**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 18 2012, 9:01 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MITCHELL A. PETERS**
Miller Fisher Law, LLC
Merrillville, Indiana

ATTORNEY FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**STEPHANIE ROTHENBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARGARET M. HAMMOND, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1110-EX-956 |
| | ) | |
| REVIEW BOARD OF THE INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT and PORTER COUNTY COMMISSIONERS, | ) ) ) ) | |
| | ) | |
| Appellees-Respondents. | ) | |

APPEAL FROM THE REVIEW BOARD
OF THE DEPARTMENT OF WORKFORCE DEVELOPMENT
The Honorable Steven F. Bier, Chairperson
Cause No. 11-R-04094

**April 18, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

STATEMENT OF THE CASE

Appellant-Claimant, Margaret Hammond (Hammond), appeals the decision by the Review Board of the Indiana Department of Workforce Development (Review Board), which found her to be ineligible for unemployment benefits.

We affirm.

ISSUE

Hammond raises one issue on appeal, which we restate as: Whether Hammond was discharged for just cause.

FACTS AND PROCEDURAL HISTORY

Hammond worked at the Portage, Indiana office of the Porter County Circuit Court Clerk as the Deputy of Records. Her duties entailed document handling and locating files for the courts or attorneys. Karen Martin (Martin) is the Porter County Circuit Clerk and was Hammond's supervisor. Martin worked at the Clerk's office in Valparaiso.

On June 20, 2011, Hammond worked at the Valparaiso office and Martin told Hammond to attend document scanning training at the same office. Training was scheduled for 8:30 a.m., June 24, 2011. The day before, June 23, 2011, Hammond told Martin that she could not attend the training on time because of difficulties in getting up earlier for travel to the Valparaiso office. A heated argument ensued. Martin informed Hammond that document scanning duties were required for her position at the Portage

office. Although Hammond had received training previously, she was admittedly not sufficiently proficient. Hammond asked how long the training would take and Martin responded that it depended on her ability to learn document scanning. Hammond refused to take the training and Martin ordered Hammond to attend the training. Hammond said "I don't think so," and Martin repeated her instruction. Hammond then walked out of Martin's office, slamming the door. (Appellant's App. p. 17).

Hammond did not return to work for the remainder of the day. Hammond also did not report for training the following day at 8:30 a.m. Instead, Hammond sent Martin a text message that she was ill and would not report to work that day. Later that day, Hammond sent another text message to Martin informing her that she would report to training on Monday, June 27, 2011, as Martin had instructed. On June 27, 2011, Hammond arrived at the Valparaiso office where she was escorted to Martin's office. Hammond was handed a termination letter discharging her for insubordination.

On July 14, 2011, a claims deputy with the Department of Workforce Development determined that Hammond was discharged for just cause. On July 19, 2011, Hammond appealed the deputy's determination. On August 3, 2011, an administrative law judge (ALJ) held a hearing, attended by both Hammond and Martin. That same day, the ALJ upheld the claims deputy's decision, concluding that Hammond was discharged for just cause and therefore was not entitled to unemployment benefits. On August 12, 2011, Hammond appealed the ALJ's conclusion to the Review Board and

3

also requested that the Review Board accept new evidence. On September 13, 2011, the Review Board affirmed the ALJ's decision without considering any new evidence.

Hammond now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Standard of Review*

Our supreme court has recently stated the applicable standard of review:

> The standard of review on appeal of a decision of the [Review] Board is threefold: (1) findings of basic fact are reviewed for substantial evidence; (2) findings of mixed questions of law and fact [-] ultimate facts [-] are reviewed for reasonableness; and (3) legal propositions are reviewed for correctness. Ultimate facts are facts that "involve an inference or deduction based on the findings of basic fact." Where such facts are within the "special competence of the [Review] Board," the [reviewing court] will give greater deference to the [Review] Board's conclusions, broadening the scope of what can be considered reasonable.

*Recker v. Review Bd. of Ind. Dep't of Workforce Development*, 958 N.E.2d 1136, 1139 (Ind. 2011). Under the substantial evidence review, "the appellate court neither reweighs the evidence nor assesses the credibility of witnesses and considers only the evidence most favorable to the [Review] Board's findings." *McClain v. Review Bd. of Indiana Dep't of Workforce Dev.*, 693 N.E.2d 1314, 1317 (Ind. 1998).

### II. *Discharge for Just Cause*

Hammond contends that the Review Board's decision that she was discharged for just cause was not supported by the evidence. Under Ind. Code § 22-4-15-1(a), an employee discharged for just cause is ineligible for unemployment benefits. *Recker*, 958 N.E.2d at 1140. The employer has the burden to show that the employee was discharged

4

for just cause. *Sloan v. Review Bd. of the Ind. Employment Security Div.*, 444 N.E.2d 862, 865 (Ind. Ct. App. 1983). If the employer meets its burden, the burden shifts to the claimant to rebut the employer's case. *Id.*

I.C. § 22-4-15-1(d)(4) provides that an employee's refusal to obey instructions constitutes just cause for that employee's discharge. *Jones v. Review Bd. of Indiana Dep't of Employment and Training*, 583 N.E.2d 196, 199 (Ind. Ct. App. 1991). Further, "[w]hen the authority of those in whom the employer has confided responsibility for day-to-day operations is flouted by an employee's willful disregard of reasonable directives, just cause for discharge of that employee exists." *Graham v. Review Bd. of Indiana Employment Security Div.*, 386 N.E.2d 699, 702 (Ind. Ct. App. 1979). Here, the ALJ concluded that Hammond willfully disregarded Martin's reasonable instructions to attend training in Valparaiso. We agree.

Martin testified that Hammond had difficulties with document scanning and that certain co-workers at the Portage office had complained about these difficulties. Martin testified that she never considered discharging Hammond. Martin instructed Hammond to attend training to better perform her duties. Although Hammond asserted that she could scan, she admitted that her abilities were deficient. When instructed again to attend training again, Hammond said, "we'll see about that," and left Martin's office, slamming the door shut. (Appellant's App. p. 17). Hammond left work and did not return that day. Training was to occur the following day and Hammond failed to attend. We therefore find that substantial evidence supports the determination that Hammond willfully

5

disobeyed a reasonable instruction of her employer. Accordingly, Hammond's discharge was for just cause.

Hammond makes three arguments that the evidence was insufficient to prove that Martin discharged her with just cause. First, Hammond argues that her testimony establishes that she did not refuse to attend training in Valparaiso, but instead sought a postponement of the training sessions. Hammond had an ill father for whose care she was responsible and the extra hour or two required for travel to the Valparaiso office was difficult given these responsibilities. As a result, she did not demonstrate a willful disregard of Martin's instructions. However, Hammond's argument here requires us to revisit the ALJ's determination of witness credibility and weight of the evidence. We decline Hammond's invitation to do so. *See McClain*, 693 N.E.2d at 1317.

Next, Hammond argues that she was discharged for a violation of employment rules governing employee insubordination and absenteeism. During the hearing, Martin questioned Hammond about her knowledge and compliance with the Porter County Government Employee Personnel Policy Manual, specifically Section 11.03, addressing termination based on employee insubordination, as well as other sections of the manual addressing employee absenteeism. Because this employment manual was not in evidence and Martin could not establish Hammond's knowledge of its provisions, Hammond contends that Martin failed to meet her burden to prove a "knowing violation of a reasonable and uniformly enforced rule of an employer, including a rule regarding attendance." I.C. § 22-4-15-1(d)(2). Meeting this burden required Martin to show that

6

Hammond "(1) knowingly violated; (2) a reasonable; and (3) uniformly enforced rule."

*Brown v. Indiana Dep't of Workforce Dev.*, 919 N.E.2d 1147, 1151 (Ind. Ct. App. 2009).

However, "[w]hile the [Review] Board's task is to use any applicable definition in [I.C. § 22-4-15-1(d)] to determine whether an employee was discharged for just cause, our review is limited to determining whether the [Review] Board made sufficient findings to support the definition it selected to apply." *Ryan v. Review Bd. of Indiana Dep't of Employment and Training Svcs.*, 560 N.E.2d 112, 114 (Ind. Ct. App. 1990). Here, the Review Board's conclusion expressly rests upon a determination that Hammond was discharged for just cause under I.C. § 22-4-15-1(d)(5), insubordination. Accordingly, our review is limited to whether the Review Board's findings support its conclusion, which we have concluded in the affirmative. *See Ryan*, 560 N.E.2d at 114.

Finally, Hammond contends that the ALJ was negligent in her duties by failing to independently conduct further inquiry or solicit evidence into those areas tending to support Hammond's version of events, including her medical records, her father's illness, and Porter County's employment policies. Given that Hammond appeared at the hearing *pro se*, she argues that the ALJ "had a special responsibility in shepherding the case and following up on all presented evidence." (Reply Br. p. 9).

646 Ind. Admin. Code § 5-10-5(a)(3) sets out the duties of the ALJ in this regard:

> Where either party fails to appear or where either party is not represented by an attorney or duly authorized agent, [the ALJ] shall have the duty to examine the party's witnesses, and to cross-examine all witnesses of the other party, in order to ensure complete presentation of the case.

7

Further, we have recognized the "affirmative duty" placed upon the ALJ to ensure that *pro se* claimants are afforded the opportunity to present their cases. *Steele v. Dep't of Workforce Dev.*, 853 N.E.2d 179, 180 (Ind. Ct. App. 2006). We have also recognized the limitations of that duty:

> The [ALJ] does not have to explore every minute aspect of a claimant's termination and her work conditions. [The ALJ] should question all parties and witnesses with a view toward eliciting testimony necessary to ferret out the issues. Sufficient facts should be obtained during [the ALJ's] questioning to allow for a reasonable disposition of this issue.

*Richey v. Review Bd. of Indiana Employment Securities Div.*, 480 N.E.2d 968, 971 (Ind. Ct. App. 1985). Further, the ALJ is not an advocate for the claimant; instead, the ALJ "must sufficiently develop the facts and issues to allow for a reasonable disposition of the claim." *Jones*, 583 N.E.2d at 200.

Hammond attended the hearing without an attorney. The ALJ questioned both Martin and Hammond, giving both an opportunity to ask questions of the other. Instead of testifying as to facts regarding the discharge, the extent of her care-giving, and her medical condition, Hammond chose to focus on the argument and apparently difficult relationship between her and Martin. The hearing transcript also contains a number of attempts by the ALJ to restrain both sides from engaging in argument, rather than questioning, as well as focusing both parties' testimony on the issue at hand, Hammond's alleged insubordination. In sum, we conclude that the ALJ satisfied her obligation to develop the facts and issue of whether Hammond was discharged for just cause.

## CONCLUSION

8

Based on the foregoing, we conclude that the Review Board properly affirmed the ALJ's decision that Hammond was discharged for just cause and thus not eligible to receive unemployment benefits.

Affirmed.

NAJAM, J. and DARDEN, J. concur