ATTORNEY FOR APPELLANT
Ronald E. Weldy
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
REVIEW BOARD
Gregory F. Zoeller
Attorney General of Indiana

Kathy Bradley
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE  T.C.
Douglas J. Masson
Lafayette, Indiana

**FILED**

Oct 17 2012, 8:57 am

*Kevin S. Smith*

**CLERK**

of the supreme court,
court of appeals and
tax court

## In the
## Indiana Supreme Court

No. 93S02-1203-EX-138

J. M.,

*Appellant (Petitioner below),*

v.

REVIEW BOARD OF THE INDIANA
DEPARTMENT OF WORKFORCE
DEVELOPMENT AND T.C.,

*Appellees (Respondents below),*

Appeal from the Review Board of the Department of Workforce Development No. 10-R-06947
The Honorable Michael Botkin, Administrative Law Judge,
The Honorable Steven F. Bier, Chairperson, The Honorable George H. Baker, Member,
The Honorable Lawrence A. Dailey, Member

On Petition to Transfer from the Indiana Court of Appeals, No. 93A02-1102-EX-146

**October 17, 2012**

**David, Justice.**

This case involves an employee who was fired from his job for his failure to follow the instructions of his supervisor regarding missed work time. The employee wanted to take a college class during normal work hours and make up those hours later in the day or otherwise at his discretion. His employer allowed him to take the class, but informed him that he would have to use his vacation, compensation, or unpaid time rather than take shorter lunches, come in early, or stay late. J.M. subsequently enrolled in the class, but did not follow his employer's instructions and failed to properly account for his time off. Consequently, he was fired and denied unemployment benefits. An Administrative Law Judge overturned that decision and granted J.M. unemployment benefits. The Review Board upheld the original denial of unemployment benefits. We affirm the Board's determination that the termination was for just cause.

## Facts and Procedural History

J.M. was an employee of the Surveyor's Office of T.C.[1] from July 6, 2009, to September 1, 2010. Around May 13, 2010, J.M. asked to take a class during work hours and make up the missed time by working during his lunch break or coming in before the normal workday began. Normal work hours for J.M. were from 8:00 a.m. to 4:30 p.m. with a floating one-hour unpaid lunch. The class J.M. signed up for was offered from 7:30 a.m. to 9:30 a.m. on Mondays and Wednesdays. J.M. believed he could be at work by 10:00 a.m. on those days. A few days later, J.M.'s Supervisor, Z.B., emailed J.M. that office policy would allow time off for educational classes but that missed time could not be "made up." Z.B. informed J.M. he would have to use vacation time instead. Z.B. also stated, "I understand if this isn't the answer you were hoping or looking for but that has been [the surveyor's] policy on this issue historically." Z.B. explained the issue had come up before and the county surveyor was opposed to employees making up time due to the difficulty in supervision and tracking the made up time. Essentially, the employer's position was that J.M. could take the time off for his classes, but he would have to use his

---

[1] Identities of the claimant and employing unit are generally subject to the confidentiality requirements prescribed in Indiana Code section 22-4-19-6(b) (2007). This confidentiality requirement is expressly implemented as to judicial proceedings by Indiana Administrative Rule 9(G)(1)(b)(xviii).

accrued compensation, personal, or vacation time. The employer would not allow J.M. to work through a lunch break or outside of the normal hours to make up his missed time.

T.C. maintains an employee handbook. According to rule 33 of the handbook, an employee can face discipline for "[d]isobeying a reasonable order of supervisor to perform assigned work or to comply with written or verbal instructions."

J.M. began class on August 23, 2010. J.M. went to the classes and subsequently violated his supervisor's instruction when he admitted that for the four hours missed that week, he reported 2.25 hours as vacation or compensation time, did not take a lunch on one of the days, and came in 15 minutes early three days that week. This conduct violated the directive given to him by his supervisor and, thus, violated the handbook. As a result, on September 1, 2010, J.M.'s employment was terminated.

At the hearing, J.M. gave conflicting testimony. J.M. initially stated he had forgotten the directive to use vacation, personal, or compensation time to cover the missed time. However, J.M. also stated he did not report all the time missed as vacation, compensation, or personal time, because he believed he would need the time later in the semester.

On September 24, 2010, a claims deputy of the Indiana Department of Workforce Development determined that J.M. was discharged for just cause and was ineligible for unemployment benefits. J.M. filed an appeal from the determination. An Administrative Law Judge (ALJ) reversed the decision, finding that J.M. was eligible for unemployment benefits. The ALJ concluded that the discipline was too severe for only a small amount of misreported time. T.C. filed an appeal with the Review Board challenging the ALJ's decision. The Review Board reversed the ALJ's decision and found that J.M. was discharged for just cause and ineligible for unemployment benefits. Specifically, the Review Board noted that J.M. had violated the direction from his supervisor as well as the policy found in the employee handbook. The Court of Appeals reversed the Review Board. We granted transfer.

**Discussion**

The Indiana Unemployment Compensation Act (UCA) provides that any decision of the Review Board shall be conclusive and binding as to all questions of fact. Ind. Code § 22-4-17-12(a) (2007). When the decision of the Review Board is challenged, an appellate court makes a two-part inquiry into (1) "the sufficiency of the facts found to sustain the decision" and (2) "the sufficiency of the evidence to sustain the findings of fact." Id. § 22-4-17-12(f). This Court provided an extensive analysis of the standard of review for these cases in McClain v. Review Board of Indiana Department of Workforce Development, 693 N.E.2d 1314 (Ind. 1998). Simply stated, an appellate court reviews "(1) determinations of specific or 'basic' underlying facts; (2) conclusions or inferences from those facts, sometimes called 'ultimate facts,' and (3) conclusions of law." Id. at 1317.

The Review Board's "findings of basic facts are subject to a 'substantial evidence' standard of review." Id. We neither reweigh evidence nor judge the credibility of witnesses; rather, we consider only the evidence most favorable to the Review Board's findings. Id. We will reverse the decision only if there is no substantial evidence to support the Review Board's findings. Id.

An individual is disqualified for unemployment benefits if he is discharged for "just cause." Ind. Code § 22-4-15-1(a) (Supp. 2012). "Discharge for just cause" includes but is not limited to

> (1) separation initiated by an employer for falsification of an employment application to obtain employment through subterfuge;
>
> (2) *knowing violation of a reasonable and uniformly enforced rule of an employer, including a rule regarding attendance;*
>
> (3) if an employer does not have a rule regarding attendance, an individual's unsatisfactory attendance, if the individual cannot show good cause for absences or tardiness;
>
> (4) damaging the employer's property through willful negligence;
>
> (5) *refusing to obey instructions;*

4

(6) reporting to work under the influence of alcohol or drugs or consuming alcohol or drugs on employer's premises during working hours;

(7) conduct endangering safety of self or coworkers;

(8) incarceration in jail following conviction of a misdemeanor or felony by a court of competent jurisdiction; or

(9) any breach of duty in connection with work which is reasonably owed an employer by an employee.

Ind. Code § 22-4-15-1(d) (emphasis added). The Review Board found that J.M. was discharged for just cause based on subsection (d)(2).

In overturning the Review Board's decision, the Court of Appeals relied on the Review Board's holding that J.M. violated Indiana Code section 22-4-15-1(d)(2) and held that J.M. did not in fact violate subsection (d)(2). However, the Court of Appeals did not consider subsection (d)(5) because it was not named in the conclusions of law by the Review Board. Indiana Code section 22-4-15-1(d)(5) mirrors rule 33 of the employee handbook, which the Review Board discussed. As mentioned previously, rule 33 provides for dismissal for "disobeying a reasonable order of supervisor to perform assigned work or to comply with written or verbal instructions."

The Court of Appeals found it could not affirm a just cause finding on different grounds than the one cited by the Review Board. The Court of Appeals relied on the proposition that "[w]hile the Board's task is to use any applicable definition in the statute to determine whether an employee was discharged for just cause, our review is limited to determining whether the Board made sufficient findings to support the definition it selected to apply." Ryan v. Review Bd., 560 N.E.2d 112, 114 (Ind. Ct. App. 1990) (citing Trigg v. Review Bd., 445 N.E.2d 1010, 1013 (Ind. Ct. App. 1983)). If we were confined to considering only the unwritten policy of the surveyor's office, the Court of Appeals would have been correct. However, we are not so confined. We agree with Judge Garrard's concurrence in Trigg when he stated,

> It may appear at first blush that the majority opinion has merely taken the view that where the review board has premised its decision upon one of the grounds of discharge for good cause enumerated in IC 22-4-15-1, we may not look to a different statutory ground even though the review board's findings clearly establish its applicability. If that were the case I would feel constrained to dissent. It is not.

5

Trigg, 445 N.E.2d at 1014–15 (Garrard, J., concurring). Furthermore, Ryan is distinguishable because the employer in Ryan argued to sustain the dismissal on the theory that the employee's conduct amounted to a breach of a duty that she owed her employer, a factor enunciated in Indiana Code section 22-4-15-1(d)(8). Ryan, 560 N.E.2d at 115. In Ryan, the employer did not appear at the hearing and did not provide the referee any evidence to sustain the employer's burden of establishing a just-cause discharge. Id. That is in marked contrast to the present case, where both J.M. and Z.B. appeared at the hearing and presented their evidence, which included J.M. not obeying the instructions given to him regarding taking time off of work.

The findings of a Review Board need to be only specific enough to permit us to intelligently review the Review Board's decision. Fort Wayne Comm. Schools v. Review Bd. Of Indiana Employment Sec. Div., 428 N.E.2d 1379, 1382 (Ind. Ct. App. 1981). Agency findings are specific enough when they are given with "sufficient particularity and specificity" such that the reviewing court can "adequately and competently review" the agency's decision. Capital Improvement Bd. of Managers of Marion County v. Pub. Serv. Comm'n, 176 Ind. App. 240, 260, 375 N.E.2d 616, 631 (1978).

The Review Board correctly framed the issue as "whether the Employer met its burden of proof that it discharged the Claimant for just cause."

In the findings of fact, the Review Board noted,

> One such behavior that can warrant discipline is found in Rule 33: "Disobeying a reasonable order of supervisor to perform assigned work or to comply with written or verbal instructions." Employer's Ex. 4, p. 2. The Claimant acknowledged receiving the handbook and his responsibility to read and comply with the handbook's terms. Employer's Ex. 3. The Project Manager testified that the Employer uniformly enforces its rules. The Claimant disagreed, but he was unable to provide any evidence of non-uniform rule enforcement. The Review Board finds that the surveyor's office uniformly enforces the Employer's Work Rules.

The findings of fact also state that the project manager told J.M. that "although he was approved to miss work to attend the class, the current surveyor's policy was to not allow employees to try to 'make up' hours they missed." However, the conclusions of law solely focus on subsection

6

(d)(2) that J.M. knowingly violated a reasonably and uniformly enforced rule of an employer and do not focus on subsection (d)(5), that J.M. disobeyed his supervisor's instructions.

We conclude the findings of basic fact are within the scope of our substantial-evidence standard of review. The substantial-evidence test is met when the findings of the Review Board are conclusive and binding unless they meet certain exceptions, including but not limited to

(1) The evidence on which the Review Board based its findings was devoid of probative value;

(2) The quantum of legitimate evidence was so proportionately meager as to lead to the conviction that the finding does not rest upon a rational basis;

(3) The result of the hearing before the Review Board was substantially influenced by improper considerations;

(4) There was not substantial evidence supporting the findings of the Review Board;

(5) The order of the Review Board, its judgment or finding, is fraudulent, unreasonable or arbitrary.

McClain, 693 N.E.2d at 1317 n.2 (citing General Motors Corp. v. Review Bd. of the Ind. Dep't of Workforce Dev., 671 N.E.2d 493, 496 (Ind. Ct. App. 1996)). The basic facts here are not in dispute. None of the enumerated exceptions are met.

We then turn to what we refer to as ultimate facts, or "mixed questions," or alternatively described as "questions of law." We review to ensure the Board's inference is "reasonable." Id. at 1317–18. The ultimate order of the Review Board, that "[J.M.] is not entitled to unemployment benefits," was reasonable. At issue is J.M.'s violation of his boss's orders. J.M. was told he could not "make up" time, and instead must use vacation, personal, or compensation time. It is uncontroverted that J.M. disobeyed this instruction.

J.M. made two inconsistent statements defending his actions at his ALJ review hearing. He first said he forgot the project manager's directive to use vacation time to cover time missed. Second, he stated he did not report all the time missed as vacation because he believed he would need the time to use later in the semester. It is uncontroverted that J.M. did not obey the

7

instructions previously given to him. He did not report his missed work as vacation, compensation, or personal time.

We may rely on a different statutory ground of a just cause finding than the one relied upon by the Review Board when, as here, the Review Board's findings of fact clearly establish the alternate subsection's applicability. As such, we affirm the Review Board under Indiana Code section 22-4-15-1(d)(5), that J.M. refused to obey instructions, and was thus fired for just cause.

This analysis comports with the deferential standard given to the trial courts of this state: "on appellate review the trial court's judgment will be affirmed if sustainable on any theory or basis found in the record." Havert v. Caldwell, 452 N.E.2d 154, 157 (Ind. 1983). "Moreover it is well established that a decision of the trial court will be sustained if a valid ground exists to support it, whether or not the trial court considered those grounds." Bruce v. State, 268 Ind. 180, 200, 375 N.E.2d 1042, 1054 (1978). To state it yet another way, we "may affirm a trial court's judgment on any theory supported by the evidence." Dowdell v. State, 720 N.E.2d 1146, 1152 (Ind. 1999).

**Conclusion**

J.M. refused to obey instructions that were given to him on how to fill out his time sheet to incorporate his missed time. When the facts of the case support more than one statutory ground for discharge, we are not confined to narrowly review the Review Board's decision when the facts point to the Review Board's ultimately correct conclusion. Here, the findings of fact by the Review Board clearly showed J.M. violated his supervisor's instructions and the employee handbook, which is also a just-cause discharge under Indiana Code section 22-4-15-1(d)(5). Accordingly, we affirm the Review Board's denial of unemployment benefits.

Dickson, C.J., Rucker, and Massa, JJ., concur.