RILEY, Judge,
concurring in result.
While I agree with the majority’s decision to affirm the Review Board’s decision, I write separately to address the majority’s refusal to identify the respective parties by their complete names. In support of its use of initials, the majority relies on a footnote included in the recent supreme court’s opinion of J.M. v. Review Bd. of Ind. Dep’t of Workforce Dev., 975 N.E.2d 1283, n. 1 (Ind.2012). In its footnote, the court noted that this method of identification is a confidentiality requirement which “is expressly implemented as to judicial proceedings by Indiana Administrative Rule 9(G)(l)(b)(xviii).” However, as is well established “our supreme court does not decide important questions of law in footnotes.” See, e.g., Molden v. State, 750 N.E.2d 448 (Ind.Ct.App.2001). As such, this footnote does not invalidate the thoughtful on-point analysis by Judge Baker in Moore v. Review Bd. of Ind. Dep’t of Workforce Dev., 951 N.E.2d 301, 304-06 (Ind.Ct.App.2011) about the use of initials to identify the respective parties in cases involving the Review Board. In Moore, this court held that the amendment to Administrative Rule 9(G), which incorporates by reference I.C. § 22-4-19-6, does not prohibit the use of full names of parties in routine appeals from the Review Board. See Id. at 306. With this proviso in mind, I agree with the majority that Tori Balog failed to show good cause for reinstatement of her employment at Arg Resources, LLC.