## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Nov 04 2015, 9:33 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Lisa Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES

Gregory F. Zoeller
Attorney General of Indiana

Kyle Hunter
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lisa Jackson,<br>*Appellant,*<br><br>v.<br><br>Review Board of the Indiana Department of Workforce Development, and Company,<br>*Appellees* | November 4, 2015<br><br>Court of Appeals Case No.<br>93A02-1504-EX-192<br><br>Appeal from the Review Board of the Department of Workforce Development<br><br>Steven F. Bier, Chairperson<br>George H. Baker, Member<br>Larry A. Dailey, Member<br><br>Review Board Case No.<br>15-R-342 |

**Robb, Judge.**

# Case Summary and Issues

[1] Lisa Jackson was discharged from her employment as a licensed practical nurse ("LPN") with Eaglecare, LLC ("Eaglecare"). An administrative law judge ("ALJ") of the Indiana Department of Workforce Development determined Jackson was discharged for just cause. The Unemployment Insurance Review Board ("Review Board") adopted and affirmed the ALJ's decision, thereby denying Jackson unemployment benefits. Jackson, *pro se*, appeals the Review Board's decision, raising the following restated issues: (1) whether the Review Board abused its discretion by not accepting additional evidence; and (2) whether the Review Board's decision was supported by substantial evidence. Concluding Jackson waived her claim regarding the Review Board accepting additional evidence and the Review Board's decision was supported by substantial evidence, we affirm.

# Facts and Procedural History

[2] Eaglecare, a nursing home facility, employed Jackson as an LPN until her discharge on October 9, 2014. Eaglecare discharged Jackson due to her repeated failure to administer patients' medication per physician order. On August 17, 2014, Jackson was reprimanded for "fail[ing] to perform medication administration correctly." Transcript Exhibit at 31. Jackson was again reprimanded on September 8, 2014, for failing to properly administer medication: "She left them at resident's bedside, and coincidently the resident never took their [physician-]ordered medication." *Id.* at 14, 32. On October 4,

2014, Jackson was reprimanded for failing to administer a patient's seizure medication in a timely manner. The patient's medication was to be administered between 8:00 p.m. and 10:00 p.m., but Jackson did not administer the medication until after 10:00 p.m. Finally, on October 9, 2014, Jackson was discharged for her "[b]latant disregard for resident care," as evidenced by multiple incidents of failing to administer physician-ordered medications in a safe and timely manner. *Id.* at 33.[1]

[3] Jackson subsequently filed a claim for unemployment benefits with the Indiana Department of Workforce Development. On November 20, 2014, a claims deputy found she was discharged for just cause and thus ineligible for benefits. Jackson appealed the decision of the claims deputy on November 28, 2014, and a hearing before an ALJ was held on January 30, 2015. Jackson appeared at the hearing telephonically and admitted she failed to properly administer medications on all of the dates she received reprimands.

[4] As to the final incident on October 4, 2014, Eaglecare alleged the seizure medication was to be administered no later than 10:00 p.m. but that Jackson did not administer the medication until midnight. Jackson denied she waited until midnight but admitted she did not administer the medication until sometime between 10:00 p.m. and 11:00 p.m. "[I]t's sometimes just not possible . . . to pass your meds in a timely manner," Jackson explained, to

---

[1] Jackson was also reprimanded on July 16, 2014, for failing to document a patient's blood pressure per physician order on July 12, 2014, and July 13, 2014.

which Eaglecare responded, "[T]his is such a serious medication, a seizure medication and it has to be given timely to be effective." Tr. at 19-20. Jackson countered, "I mean, I did my job as best as I could. . . . It did not cause any negative outcome to [the patient]. It didn't hurt her." *Id.* at 21.

[5] The ALJ concluded:

> In July, August and September, 2014, the Employer reprimanded the Claimant for medication errors. On October 04, 2014, a patient's seizure medication was due at 9:00 pm. The Claimant was to administer the medication within an hour before or after 9:00 pm. The Claimant did not administer the medication until after 10:00 pm. The Claimant's post-reprimands failure to timely administer seizure medication resulted from wanton indifference to the Employer's interest in its patients receiving medication in a timely manner. The Employer discharged the Claimant from employment for just cause in connection with work. The Claimant is ineligible to receive unemployment insurance benefits.

Tr. Ex. at 35.

[6] On February 13, 2015, Jackson appealed the ALJ's decision to the Review Board, which adopted the ALJ's findings and conclusions and affirmed the denial of benefits on March 2, 2015. The Review Board did not hold a hearing or accept additional evidence. Jackson now appeals the Review Board's decision.

# Discussion and Decision

## I. Additional Evidence

[7] Jackson contends the Review Board abused its discretion when it declined to accept additional evidence; she does not state the nature of the "new evidence." Appellant's Brief at 2.[2] Title 646, Section 5-10-11(b) of the Indiana Administrative Codes provides,

> Each hearing before the review board shall be confined to the evidence submitted before the administrative law judge unless it is an original hearing. Provided, however, the review board may hear or procure additional evidence upon its own motion, or upon written application of either party, and for good cause shown, together with a showing of good reason why the additional evidence was not procured and introduced at the hearing before the administrative law judge.

[8] Jackson did not file a written application to present additional evidence to the Review Board, nor did she attempt to show good cause that such evidence should be accepted. Moreover, even assuming Jackson had complied with the rule, her brief is devoid of any argument or citations in support of her contention that the Review Board should have accepted additional evidence.

---

[2] We suspect Jackson is referring to a patient's medication record that has been crudely redacted and annotated. *See* Appellant's Appendix at 2. But "[w]e will not become an advocate for a party, nor will we address arguments which are either inappropriate, too poorly developed or improperly expressed to be understood." *Ramsey v. Review Bd. of Ind. Dep't of Workforce Dev.*, 789 N.E.2d 486, 487 (Ind. Ct. App. 2003) (citation omitted). "[O]ne who proceeds pro se is held to the same established rules of procedure that a trained legal counsel is bound to follow and, therefore, must be prepared to accept the consequences of his or her action." *Id.* (citation and internal quotation marks omitted).

*See* Ind. Appellate Rule 46(A)(8)(a) (requiring each contention in the appellant's brief be supported by cogent reasoning and citations to relevant authority). As a result, the issue is waived. *See Pierce v. State*, 29 N.E.3d 1258, 1267 (Ind. 2015) ("A litigant who fails to support his arguments with appropriate citations to legal authority and record evidence waives those arguments for our review.").

## II. Discharge for Just Cause

### A. Standard of Review

[9] Jackson was denied unemployment benefits because the Review Board determined she was discharged for just cause. The Indiana Unemployment Compensation Act provides unemployment benefits to individuals who are "unemployed through no fault of their own." Ind. Code § 22-4-1-1. An individual is therefore disqualified for unemployment benefits if she is discharged for "just cause." Ind. Code § 22-4-15-1(a). "When an employer alleges that a discharged employee seeking unemployment benefits was discharged for just cause, the employer has the burden of establishing a *prima facie* case showing just cause, after which it is incumbent upon the employee to produce evidence which rebuts the employer's case." *Russell v. Review Bd. of Ind. Dep't of Emp't & Training Servs.*, 586 N.E.2d 942, 947-48 (Ind. Ct. App. 1992). As relevant here, "discharge for just cause" includes "refusing to obey instructions" and "any breach of duty in connection with work which is reasonably owed an employer by an employee." Ind. Code § 22-4-15-1(d)(5), (9).

[10] If supported by the evidence, decisions of the Review Board are conclusive and binding as to all questions of fact. *Benard v. Review Bd. of Ind. Dep't of Workforce Dev.*, 997 N.E.2d 1077, 1080 (Ind. Ct. App. 2013); *see also* Ind. Code § 22-4-17-12(a). When a decision of the Review Board is challenged, the standard of review on appeal is threefold: "(1) findings of basic fact are reviewed for substantial evidence; (2) findings of mixed questions of law and fact—ultimate facts—are reviewed for reasonableness; and (3) legal propositions are reviewed for correctness." *Recker v. Review Bd. of Ind. Dep't of Workforce Dev.*, 958 N.E.2d 1136, 1139 (Ind. 2011). In determining whether the Review Board's findings were supported by "substantial evidence," we neither reweigh the evidence nor judge the credibility of witnesses; rather, we consider only the evidence most favorable to the Review Board's findings. *J.M. v. Review Bd. of Ind. Dep't of Workforce Dev.*, 975 N.E.2d 1283, 1286 (Ind. 2012). We will reverse the Review Board's decision only if there is no substantial evidence to support it. *Id.*

## B. Jackson's Failure to Properly Administer Medication

[11] From what we can discern, Jackson is arguing there is not substantial evidence to support the Review Board's finding that she failed to properly administer medication. Jackson alleges Eaglecare's representative made false statements during the hearing and claims she administered the patient's seizure medication on time on October 4, 2014: "This medication was given on time and [the Director of Nursing Services] did not give the right time in her statement." Appellant's Br. at 4. Aside from the fact Jackson admitted she administered the

medication late when she testified at the hearing,[3] we conclude Jackson's argument is merely a request for this court to reweigh the evidence and reassess witness credibility, which we will not do. *See J.M.*, 975 N.E.2d at 1286.

[12] Jackson was reprimanded three times within a three-month period for failing to administer medication in a safe and timely manner. Each incident was documented with a written warning—all of which were admitted as exhibits during the hearing—and Jackson presented no evidence to rebut Eaglecare's case. As the Review Board's findings were supported by substantial evidence, we defer to its fact-finding.

# Conclusion

[13] Jackson has waived her claim regarding the Review Board accepting additional evidence, and the Review Board's findings were supported by substantial evidence. We therefore affirm the Review Board's decision denying Jackson unemployment benefits.

---

[3] The patient's medication was ordered for 9:00 p.m., but Eaglecare permits medications to be administered up to one hour before or after the time ordered. Jackson testified,

| [ALJ:] | [M]edications were due at 9:00 pm but you gave them at midnight. Your response to that? |
| [Jackson:] | I gave the meds before eleven . . . . I did not give her any meds at twelve o'clock. That's not true. I don't agree with that at all. |
| [ALJ:] | Well, ma'am, what time did you give the meds? |
| [Jackson:] | I don't know exactly what time I gave it, but it was after ten, . . . it was before eleven. |

Tr. at 18.

Affirmed.

Vaidik, C.J., and Pyle, J., concur.